Oliver v. Lansing.

HENRY OLIVER, APPELLEE, V. JAMES F. LANSING,
APPELLANT, ET AL.

FILED NOVEMBER 9, 1899.   No. 10,229.

1. **Partition Sale: REMOVAL OF FIXTURES: REMEDY OF PURCHASER.**
When, after real estate has been sold under a decree in parti-
tion, the purchase-money has been paid into court, but before
the delivery of the deed, one of the parties to the suit injures
or removes fixtures which passed by the sale, the purchaser may
have the same rescinded, or, at his election, the court may, in
the partition suit, award him compensation for damages sus-
tained, out of the share of the purchase-money in its hands be-
longing to the transgressing party.

2. **Estoppel.** An estoppel *in pais* is not available to a stranger to the
transaction.

3. **Fixtures.** Ordinarily the requisites of a fixture are:   (1) Actual
annexation to the realty, or something appurtenant thereto; (2)
appropriation to the use or purpose of that part of the realty
with which it is connected; (3) the intention of the one making
the annexation to make the article a permanent accession to the
freehold—this intention being gathered from the nature of the
articles affixed, the relation and situation of the person making
the same, the structure and mode of annexation, and the purpose
or use for which it has been made. *Freeman v. Lynch*, 8 Nebr., 192,
followed.

4. ———: EVIDENCE. Evidence examined, and *held* not to sustain the
findings of the trial court.

APPEAL from the district court of Lancaster county.
Heard below before HOLMES, J.   *Reversed.*

The opinion contains a statement of the case.

*Lionel C. Burr* and *Roscoe Pound*, for appellant:

The criterion of a fixture is in the united application
of three tests: (1) Actual annexation to the realty, or
something appurtenant thereto; (2) appropriation to the
use or purpose of that part of the realty with which it is
connected; (3) the intention of the party making the an-
nexation to make the article a permanent accession to
the freehold—this intention being inferred from the na-

ture of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose and use for which the annexation has been made.

The elements mentioned in this rule are not alternative. They must concur. It is not meant that an article becomes a fixture in case any one of these tests is satisfied. No one of them is enough of itself, but it is their united application that determines the nature of the article. See *Teaff v. Hewitt*, 1 O. St., 511; *Ward v. Kilpatrick*, 85 N. Y., 413; *McRea v. Central Nat. Bank*, 66 N. Y., 489; *Binkley v. Forkner*, 117 Ind., 176; *Winslow v. Bromich*, 54 Kan., 300; *Honeyman v. Thomas*, 25 Ore., 539; *Henkle v. Dillon*, 15 Ore., 610; *Helm v. Gilroy*, 20 Ore., 522; *Thomas v. Davis*, 76 Mo., 72; *Rogers v. Crow*, 40 Mo., 96; *Chase v. Tacoma Box Co.*, 11 Wash., 377; *Cherry v. Arthur*, 5 Wash., 787; *Clore v. Lambert*, 78 Ky., 226; *Wolford v. Baxter*, 33 Minn., 12; *Farmers' Loan & Trust Co. v. Minneapolis Engine & Machine Works*, 35 Minn., 543; *McKeage v. Hanover Fire Ins. Co.*, 81 N. Y., 38; *Loan v. Gregg*, 55 Mo. App., 581; *Keeler v. Keeler*, 31 N. J. Eq., 181; *Rogers v. Brokaw*, 25 N. J. Eq., 497; *Matthiesen v. Arata*, 50 Pac. Rep. [Ore.], 1015; *Hopewell Mills v. Taunton Savings Bank*, 150 Mass., 519; *Hoyle v. Plattsburgh & M. R. Co.*, 54 N. Y., 319; *Walker v. Sherman*, 20 Wend. [N. Y.], 636; *Peck v. Batchelder*, 40 Vt., 233; *Hubbell v. East Cambridge Savings Bank*, 132 Mass., 447; *Manwarring v. Jenison*, 61 Mich., 117; *Maguire v. Park*, 140 Mass., 27; *Wall v. Hinds*, 4 Gray [Mass.], 271; *National Bank v. North*, 160 Pa. St., 309; *Washington Nat. Bank v. Smith*, 15 Wash., 160; *Case Mfg. Co. v. Garven*, 45 O. St., 290; *Balliett v. Humphreys*, 78 Ind., 388; *Atchison, T. & S. F. R. Co. v. Morgan*, 42 Kan., 23; *Haeussler v. Glass Co.*, 52 Mo., 452; *D'Eyncourt v. Gregory*, 3 L. R. Eq. Div. [Eng.], 394; *Southbridge Savings Bank v. Mason*, 147 Mass., 500; *Cooper v. Johnson*, 143 Mass., 108; *Carpenter v. Walker*, 140 Mass., 416; *Fortman v. Goepper*, 14 O. St., 558; *Hill v. Wentworth*, 28 Vt., 428; *Cole v. Roach*, 37 Tex., 413; *Capen v. Peckham*, 35 Conn., 88.

There is no special and peculiar law of fixtures in theatres, and no ground for applying to buildings of that character rules different from those applied to all buildings.

Loose, portable articles, such as desks, step-ladders, center-tables, electric light globes not in use, and pictures on the walls, are personalty. See *Peck v. Batchelder*, 40 Vt., 233; *Chase v. Tacoma Box Co.*, 11 Wash., 377; *Scudder v. Anderson*, 54 Mich., 122; *Chapman v. Union Mutual Life Ins. Co.*, 4 Brad. [Ill.], 29.

Mirrors are not fixtures. See *McKeage v. Hanover Fire Ins. Co.*, 81 N. Y., 38; *Loan v. Gregg*, 55 Mo. App., 581.

Gas fixtures are personalty and do not pass by a grant or mortgage of the realty. See *McKeage v. Hanover Fire Ins. Co.*, 81 N. Y., 38; *Vaughen v. Haldeman*, 33 Pa. St., 522; *Jarechi v. Philharmonic Society*, 79 Pa. St., 403; *Heysham v. Dettre*, 89 Pa. St., 506; *Rogers v. Crow*, 40 Mo., 91; *Towne v. Fiske*, 127 Mass., 125; *Capchart v. Foster*, 61 Minn., 132; *Chapman v. Union Mutual Life Ins. Co.*, 4 Brad. [Ill.], 29; *Shaw v. Lenke*, 1 Daly [N. Y.], 487; *Manning v. Ogden*, 24 N. Y. Supp., 70; *Kirchman v. Lapp*, 19 N. Y. Supp., 831; *Smusch v. Kohn*, 49 N. Y. Supp., 176; *Montague v. Dent*, 10 Rich. Law [S. Car.], 135.

The following articles are personalty and did not pass to the purchaser at the partition sale: carpets, rugs, curtains and hangings (*Loan v. Gregg*, 55 Mo. App., 581; *Walker v. Sherman*, 20 Wend. [N. Y.], 636; *Manning v. Ogden*, 24 N. Y. Supp., 70); radiators (*National Bank of Catasaqua v. North*, 160 Pa. St., 309; *Freeland v. Southworth*, 24 Wend. [N. Y.], 191; *Towne v. Fiske*, 127 Mass., 125); loose, portable stage properties (*Hubbell v. East Cambridge Savings Bank*, 132 Mass., 447; *Chase v. Tacoma Box Co.*, 11 Wash., 377; *Wolford v. Baxter*, 33 Minn., 12; *Scudder v. Anderson*, 54 Mich., 122).

*Joseph R. Webster* and *Halleck F. Rose*, *contra:*

The court not only had power, but ought in duty to protect and vindicate the right of its purchaser. See

*Parrat v. Neligh,* 7 Nebr., 458; *State Bank v. Green,* 10 Nebr., 130; *Penn Mutual Life Ins. Co. v. Creighton Theatre Co.,* 51 Nebr., 659; *Paulett v. Peabody,* 3 Nebr., 197; *Frasher v. Ingham,* 4 Nebr., 531; *Mahoney v. Allen,* 42 N. Y. Supp., 11; *Van Rensselaer v. Van Rensselaer,* 113 N. Y., 214; *Morrissey v. Broomal,* 37 Nebr., 779; *Swift v. Dewey,* 20 Nebr., 107; *Disher v. Disher,* 45 Nebr., 100.

The properties removed from the theatre and destroyed were part of the property sold in the partition suit, and the purchaser was entitled to compensation by abatement from the purchase price. See *Kloess v. Katt,* 40 Ill. App., 99; *Woodham v. First Nat. Bank,* 50 N. W. Rep. [Minn.], 1015; *Reyman v. Henderson Nat. Bank,* 98 Ky., 751; *Brown v. Roland,* 33 S. W. Rep. [Tex.], 275; *Maginnis v. Union Oil Co.,* 47 La. Ann., 148; *Tewksbury v. Provizzo,* 12 Cal., 21; *Morris v. Harris,* 9 Gill [Md.], 26; *Patterson v. Lanning,* 10 Watts [Pa.], 135; *Venable v. Beauchamp,* 3 Dana [Ky.], 321; *Feather v. Strohoecker,* 3 P. & W. [Pa.], 505.

Intent with appropriation to uses of the realty or business there carried on is now the criterion to determine when a chattel becomes a fixture. See *Norton v. Dashwood,* 65 L. J. Ch. [Eng.], 737; *D'Eyncourt v. Gregory,* 3 L. R. Eq. [Eng.], 394; *Fifield v. Farmers Nat. Bank,* 148 Ill., 163; *Davidson v. Westchester Gas Light Co.,* 99 N. Y., 558; *Kloess v. Katt,* 40 Ill. App., 99; *Woodham v. First Nat. Bank,* 50 N. W. Rep. [Minn.], 1015; *Reyman v. Henderson Nat. Bank,* 98 Ky., 751; *New Orleans Canal & Banking Co. v. Leeds,* 21 So. Rep. [La.], 168; *Hopewell Mills v. Taunton Savings Bank,* 6 L. R. A. [Mass.], 249; *Parker Land & Improvement Co. v. Reddick,* 47 N. E. Rep. [Ind.], 848; *Simpson Brick Press Co. v. Wormley,* 166 Ill., 383; *Hill v. Munday,* 4 L. R. A. [Ky.], 674; *Farrar v. Stackpole,* 6 Greenl. [Me.], 155; *Eckstorm v. Hall,* 90 Me., 186.

Gas fixtures are real estate. See *St. Louis Radiator Mfg. Co. v. Hendricks,* 72 Mo. App., 315; *Keeting Implement & Machine Co. v. Marshall Electric Light & Power Co.,* 74 Tex., 605; *Hutchins v. Masterson,* 46 Tex., 554; *Sewell v. Anger-*

*stein*, 18 Law Times, n. s. [Eng.], 300; *Johnson v. Wiseman*, 4 Met. [Ky.], 357; *Ex parte Acton*, 4 Law Times, n. s. [Eng.], 261; *Ex parte Wilson*, 2 Mont. & Ayr. [Eng.], 61; *Central Trust & Safe Deposit Co. v. Cincinnati Grand Hotel Co.*, 26 W. L. B. [O.], 149; *Funk v. Brigaldi*, 4 Daly [N. Y.], 359; *Keeler v. Keeler*, 31 N. J. Eq., 191.

A steam heating plant is a fixture. See *Tyler v. White*, 68 Mo. App., 607; *St. Louis Radiator Mfg. Co. v. Hendricks*, 72 Mo. App., 315.

The supreme court of Nebraska holds to the modern doctrine that the intention of the party to appropriate the chattel to use of realty is the material inquiry in determining whether it becomes a fixture. See *Freeman v. Lynch*, 8 Nebr., 198; *United States Nat. Bank v. Bonacum*, 33 Nebr., 820.

Theatre buildings are considered in reference to their uses, and include all fixtures, furnishings, carpets and paraphernalia necessary to make them going concerns. See *Forbes v. Howard*, 4 R. I. 365; *Grosz v. Jackson*, 6 Daly [N. Y.], 463; *Waycross Opera House Co. v. Sossman*, 94 Ga., 100; *Cunningham v. Cureton*, 96 Ga., 489; *Grewar v. Alloway*, 3 Tenn. Ch., 584; *Halley v. Alloway*, 10 Lea [Tenn.], 523; *Grosvenor v. Bethell*, 93 Tenn., 577; *Sosman v. Conlon*, 57 Mo. App., 25.

NORVAL, J.

James F. Lansing and Henry Oliver erected a block in Lincoln, a part thereof being used as a theatre, furnished and set off in a manner common to such places of amusement. To aid toward the building and furnishing of this theatre, a considerable amount was subscribed and paid by third parties, the condition of such subscriptions being in effect that a theatre, modern in every respect, should be built and fully equipped.

Afterward, Oliver sued Lansing for an accounting as to the moneys furnished by the two toward building and furnishing the same. In said suit, an accounting was had of all moneys expended by each party in such under-

taking of building and equipping said theatre. A balance was found in favor of Lansing, and a decree in partition was entered directing that the real estate on which said building was erected, naming it by lots and blocks, should be sold, and that the proceeds should be divided in accordance with the account found between the parties. Neither the decree, order or notice of sale specified anything be sold other than the real estate. Sale was had, and the property was bid in by one William Oliver, subject to mortgage and other incumbrances. The amount of the bid was paid into court, the sale was confirmed and deed ordered. Before the latter was delivered, Lansing removed from the premises a large amount of property of varied character. William Oliver then filed in the original partition suit a petition setting forth the facts, claiming that the property so removed was real estate, and passed to him under the sale in partition, asked the court to enjoin Lansing from further interfering with or injuring the property, and for compensation out of the purchase-money then in court for the damages already inflicted, or if compensation could not be made, that the sale be rescinded. From the last proposition William Oliver afterwards receded, merely asking the court to compensate him for the injury done the property.

Lansing filed an independent suit, claiming, in effect, that the property so removed was personalty only, of which he and Henry Oliver were joint owners, William Oliver claiming some interest therein, whom he therefore made a party defendant, and asked that an accounting be taken of such personalty, both that removed and a large amount still contained in the building, the rights of the parties thereto adjusted, and the same to be divided or sold, and the proceeds awarded according to such interests.

To this petition William Oliver answered, claiming that by virtue of the partition sale the title to all of the property contained in said building passed to him.

Henry Oliver also answered, alleging that by virtue of the partition sale, and other conveyances from him to William Oliver, title thereto passed to William, and disclaiming any interest in any of the property in litigation. These two actions were consolidated and tried as one in the lower court.

The property consisted of a variety of articles, such as stage settings, scenery, drop curtains, ropes for shifting scenes,. carpets nailed to the floor, rugs lying loose thereon or tacked down, portieres, window and box curtains, gas and electric light fixtures, electric light bulbs, a piano, opera chairs screwed to the floor, upholstered chairs not fastened to the floors, an office desk and chair, ticket-boxes, settees, willow chairs, a step-ladder, a baggage-truck and many other similar articles. A portion of the property was also claimed by Lansing as his individual property.

On the trial, the lower court held that by virtue of the subscriptions of the citizens to the construction of the theatre building and its furnishings, and the appropriation of such subscriptions for such purpose by the beneficiaries, and by their donation to the public of such building for such purposes, it, the public, obtained a right to the use and enjoyment of the building as a theatre, and that such act on the part of the parties was such an appropriation of all these articles to the uses of a theatre as would estop them from a divestment of the building such as would render it unfit or inappropriate for the uses for which it was. constructed, and that all of the property therein contained was either actually or constructively annexed to, and became part of, the realty, and that it was not necessary, in order that title should pass to William Oliver in the sale in partition, that all said property should have been particularly described in the proceedings in partition; that Lansing is not entitled to the relief prayed for in his original petition, or in his cross-petition; that the premises were injured to the extent of $2,200 by virtue of the articles removed from

such building by him, and adjudging that such amount be retained out of the moneys paid into court by William Oliver on account of the purchase in the partition proceedings and paid over to him to compensate him for his damages so sustained.

From this decree Lansing appeals, claiming that the appellee, William Oliver, has mistaken his remedy in that he has a remedy at law in replevin or for damages, that the court is without jurisdiction in the matter of retaining from the purchase-money an amount sufficient to compensate William Oliver for his alleged damages, and that the property so taken is not real estate, or appurtenant to the realty, but is personal property, the title to which did not pass by virtue of the sale in partition, and that he is owner of an undivided one-half interest therein.

As to the contention of Lansing that the court is without jurisdiction to determine the rights of the parties in this proceeding, but that William Oliver has his remedy at law either by replevin or by a suit for damages, we would say that, if any of the property removed by Lansing was a part of the real estate, the title thereto passed to said William Oliver by the sale, and, his petition being filed in the original partition suit, it was incumbent upon the court to protect him in his rights, to see that he received all that he paid for, to put him into possession thereof, and, if, between the time title passed and the deed was delivered and sole possession received thereunder, any injury occurred to the property by reason of the malfeasance of Lansing, it was the duty of the lower court to withhold from him a sufficient amount of the purchase-money then in its hands to compensate the purchaser for such damages.

We can not sustain the holding of the lower court that the subscription of certain citizens of Lincoln of part of the money which went to build and equip this theatre would create an estoppel as between the parties to this proceeding. Such question could only arise were such

subscribers in court, and until they are, no question of estoppel, in that respect, can arise.

William Oliver bought nothing but real estate at the partition sale. Although account was properly taken in such proceedings of all both parties expended in a way of erecting and equipping such theatre, nothing but real estate was ordered sold, and nothing but real estate would pass by such sale. It remains, then, to determine whether any of the property taken by appellant there-from was a part of the realty, such as title thereto would pass to the purchaser at such sale, and, further, whether any of the articles which remained were personal property, and the rights of the parties thereto.

It is claimed that all of these articles are fixtures, either by actual or constructive annexation to the realty. It is easy to define a fixture, but often difficult to determine what particular article may fall within such definition. Decisions of courts are in conflict. It is unnecessary to cite any, holding either with, or contrary to, the rule already laid down by this court as early as the case of *Freeman v. Lynch*, 8 Nebr., 192. The rule there stated seems eminently sound, and will be adhered to by this court.

It is urged by counsel that principles of law must change with the times, and that modern progress demands that the law—those rules of law, ancient almost as our language, which define clearly real and personal property—should be so modified as to permit litigants to make almost any imaginable article real property, if it be connected with what is termed a "going concern," that is, as we understand it, some enterprise which is being carried on as a whole, and with some particular object in view. While fully alive to modern thought and progress, we can not deem it wise or expedient, in administering justice, to so modify the common law as to depart from the ancient landmarks which have been followed by the ablest jurists of the Anglo-Saxon race throughout the centuries. Whether this theatre was a

"going concern" or not, is unimportant, so far as the question of determining whether these articles were or were not realty. Some of the articles contained therein, and some of those removed, the court below was justified in holding to be real property, although the evidence may have been conflicting as respects most of them. The court was warranted in finding that the stage appointments, such as scenery etc., were fixtures, there being evidence to the effect that they had been built and fitted specially for this building, and, so far as their nature permitted, had been affixed to the realty. The same is true as to the opera chairs, the evidence sustaining the court in holding that they had been built on a plan and specially adapted to this particular building, and affixed thereto by screws. But we can conceive of no rule of the common law which would justify a court in holding that a piano, a desk and its chair, carpets, curtains, a baggage-truck, a step-ladder, a centre-table or a settee, under the evidence, were real property, although they may have been bought by the parties with the intention that they should remain permanently in this building, and be used in connection with it, until worn out and unfitted for service.

A portion of the property taken from the building by Lansing, as well as a part that was not removed, was unquestionably personalty, and did not pass to William Oliver under his purchase, and as to such personalty Lansing was entitled to have partition.

There being no question of estoppel, and the evidence not sustaining the findings of the lower court as to some of the property in this case, the decree is therefore reversed, and the court is directed to determine from the evidence already of record and such as may hereafter be adduced, if any, what articles in controversy are fixtures and what are personal property, according to the principles laid down by this court in said case of *Freeman v. Lynch, supra,* and to adjust the rights of the parties according to their interest. Henry Oliver having

filed a disclaimer, alleging that William Oliver is the owner of the property, such accounting should be between said Oliver and Lansing. We do not doubt the ability of the learned judge of the lower court to determine the question of what articles are real and what are personal property, the matter of estoppel being eliminated from the case, and therefore do not deem it essential to give further directions in the matter. The lower court has the power, and it is its duty, if any of the articles removed by Lansing were real property, to determine the damage done, and to repay said William Oliver out of the purchase-money the amount thereof.

For value of or damaged personal property, no compensation can be had out of the purchase-money. As to such articles, an accounting should be had in all respects as if no other action than the suit of Lansing for partition and for an accounting had been commenced.

For the foregoing reasons the decree is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.