CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY
COMPANY V. A. LAGERKRANS, ADMINISTRATOR.*

FILED JULY 10, 1902.   NO. 11,427.

Commissioner's opinion, Department No. 3.

1. **Personal Injury:** DAMAGES: CONTRIBUTORY NEGLIGENCE: GENERAL
   ALLEGATION. In an action for damages for personal injuries
   resulting from the alleged negligence of the defendant, in
   order to negative contributory negligence it is not necessary
   to set out in the petition the specific steps taken by the
   injured party to avoid the injury. The general allegation
   that such injuries were received without fault or negligence
   on his part is sufficient.

2. **Railroad Track:** ROUTE TO TRAIN: PASSENGER:   Where the rail-
   road track is the usual and only practicable route by which
   a passenger may go from the station to his train, the rail-
   road company will not be heard to say that a passenger by
   taking such route becomes guilty of negligence.

3. **Evidence:** NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: JURY.   Evi-
   dence examined, and *held* sufficient to warrant the submission
   of the questions of negligence and contributory negligence
   to the jury.

4. **Assignment of Error:** EVIDENCE: RECEPTION: EXCLUSION: MERE
   REFERENCE TO SUBJECT-MATTER. An assignment of error based
   on the reception or exclusion of evidence, to be considered,
   must point out the evidence the reception or rejection of which
   is complained of; a mere reference to the subject-matter is
   insufficient.

5. **Action by Administrator:** DAMAGES TO WIFE FOR DEATH OF HUS-
   BAND: REMARRIAGE OF WIFE. In an action by an administrator
   to recover damages resulting to a wife, on account of the
   death of her husband, alleged to have been caused by the
   negligence of the defendant, the fact that such wife has sub-
   sequently remarried is immaterial, and should not be submitted
   to the jury, nor considered by them, in fixing the amount of
   the recovery.

6. **Special Findings:** SUBMISSION: REFUSAL: DISCRETION: ABUSE:
   REVIEW. Whether to submit special findings to the jury is
   largely within the discretion of the trial court, and, in the
   absence of an abuse of such discretion, the refusal to submit
   such findings will not be reviewed.

*Rehearing allowed. Reaffirmed. See opinion, page 580, *post.*

ERROR from the district court for Burt county. Tried below before ESTELLE, J. *Affirmed.* SEDGWICK, J., dissenting.

*John B. Barnes* (*Thomas Wilson,* of counsel, and *Benjamin T. White* and *James B. Sheean,* on motion for rehearing), for plaintiff in error.

*H. Wade Gillis, H. H. Bowes* and *Frank S. Howell,* contra.

ALBERT, C.

This is an action brought by the administrator of the estate of Walfred Hegglund, deceased, to recover damages for the death of the deceased, alleged to have been caused by the negligence of the defendant. A trial to a jury resulted in a verdict for the plaintiff. From a judgment rendered thereon, the defendant prosecutes error to this court. The facts sufficiently appear in the body of the opinion.

It is first insisted that the court erred in overruling a demurrer *ore tenus* to the petition. The petition, so far as is material at present, is as follows:

"That at all of said times said defendant was a common carrier of freights, live stock and passengers over said line of railway between said named points, and on said date, to wit: May 22d, 1899, said defendant in consideration of the sum of $————, agreed to be paid by said deceased to said defendant, received from and undertook to ship and agreed to ship for said deceased one car load of cattle, and safely carry said cattle and said deceased upon its freight train from said Oakland to said South Omaha, carrying said deceased in its caboose in said freight train for the purpose of caring for and looking after said stock.

"In pursuance of said agreement, and preparatory to shipping said cattle, said deceased loaded said cattle on a freight car furnished for that purpose to said deceased by said defendant, said defendant receiving the same so

loaded and placed the same in its freight train, which was due to leave said Oakland at about the hour of ten o'clock P. M. of said date.

"That said deceased, after so loading said stock, and before the arrival of said freight train at said Oakland, remained and waited in and about the office and waiting rooms of said defendant at its depot at said Oakland, and upon the arrival of said freight train, at said Oakland, was informed by the agent of the defendant having charge of said depot, that the caboose was attached to said train and in which said deceased was to ride to said South Omaha, would not stop at said depot for plaintiff to take passage therein, but the said caboose would be stopped in the yards of said defendant in said Oakland at a point about 15 rods north of said depot, upon the main track of said line or railroad; that said caboose did stop as aforesaid about said distance from said depot, and in order to take passage on said caboose said agent directed and told said deceased that it would be necessary for him, said deceased, to go to said point where said caboose was so stopped; that pursuant to said directions, and while attempting so to do, said deceased went upon and along the track of said defendant from said depot in the direction of said caboose, that being the usual and only reasonable way of going from said depot to cabooses in stock trains, and being the way usually taken and followed by other shippers of stock over said line of road at all times with full knowledge thereof on the part of the defendant; that at the point where said caboose and train were standing at the time aforesaid, there were three tracks, one being the main line and upon which said train and caboose was then standing, and the other two being sidetracks or switches on either side of said main line; that on one of said side tracks at said time, there was a locomotive standing still, which said locomotive was in charge of an engineer of defendant's company; that while said deceased was going along the tracks as aforesaid, the night was very dark, and after said deceased had passed where said engine was standing on said side

track, and after said deceased had reached a point about midway between where said engine and said caboose were standing, the said engineer, without any warning, either by whistle, ringing of the bell, signal light, or otherwise, started up said engine on said sidetrack behind and followed after said deceased at a rapid rate, to-wit: at about ten miles per hour, and said engineer carelessly, recklessly and negligently caused said engine to run against, upon and over said deceased, and thereby carelessly and wrongfully and negligently caused the death of said deceased, without any fault, carelessness or negligence of said deceased."

The specific grounds upon which the petition is assailed, as taken from the defendant's brief, are substantially as follows:

(1.) It fails to allege any excuse for the deceased being on the railroad track. (2.) It fails to allege that he took any precaution or exercised any of his faculties to protect himself from injury. (3.) It fails to allege that the defendant's servants knew of his dangerous position in time, by the exercise of due care, to have prevented the accident which resulted in his death.

As to the first, we think the allegation to the effect that the deceased had arranged for passage on one of the defendant's trains, and in order to reach it he was obliged to go some 15 rods north of the passenger depot, and that the railroad track was the usual route taken by passengers, and the only reasonable one, is a sufficient excuse for his being on the track.

As to the second, we do not understand the rule to be that, in order to negative contributory negligence, the plaintiff is required to set out the specific steps and precautions taken to avoid injury. We think the general allegation, "without any fault, carelessness or negligence of the deceased," covers the ground in this case.

The third is based on the theory that the petition affirmatively shows negligence on the part of the deceased. The theory is unsound. If the allegations of the petition be

true, and we must assume that they are when the petition is assailed by demurrer, the deceased may be said to have been on the track on defendant's implied invitation. That being true, the defendant can not now be heard to say he was guilty of negligence in going where it had invited him to go. In our opinion, the petition is good as against a demurrer.

Another ground urged for a reversal of the judgment is, that the court erred in overruling the defendant's motion for the direction of a verdict in its favor. In support of this position, the defendant again challenges the sufficiency of the petition. We have already gone into that question, and will only add that it is involved to some extent in the question of the sufficiency of the evidence admitted in support of the allegations of the petition to warrant the submission of the case to the jury; consequently what we may say on that question will apply, to some extent, to that of the sufficiency of the petition.

Another ground upon which the defendant insists it was entitled to the direction of a verdict is that there was a failure to prove the alleged omission of the defendant to sound the bell, blow the whistle, or display lights on the engine which caused the death of the deceased. Some of the witnesses on behalf of the plaintiff testify they were in a position to have observed these warnings had they been given, and that they observed none. On the other hand, some on behalf of the defendant testify that they heard the bell and saw the lights on the engine. As a rule, positive testimony is more satisfactory than that which is purely negative. But whether such warnings were given was a question of fact for the jury to determine from all the evidence. They were the sole judges of the credibility of the witnesses, and of the weight to be given their testimony. For the court to have assumed, in the face of the testimony, that the giving of such warnings was conclusively established, would have been a usurpation of the province of the jury.

But the defendant urges that it was entitled to the di-

rection of a verdict for the reason that the evidence con-
clusively shows contributory negligence on the part of
the deceased. As the question is raised in this case, every
fact favorable to the plaintiff, which the evidence proves,
or tends to prove, must be taken as true. With this rule
in mind, we shall not be misunderstood when, in the de-
termination of the question before us, we deal with such
facts as the established facts in the case. Such facts, so
far as material at present, are substantially as follows:
The deceased had arranged with the defendant for the
shipment of a car load of stock and passage for himself
over the defendant's road from Oakland to Omaha, on a
certain train which usually left the former place about
11 o'clock at night. He loaded his stock and went to the
defendant's passenger depot shortly before the time for
his train to leave, where he was informed by the person in
charge of the depot that the caboose of the train on which
he had taken passage, would not stop at the depot, and
that in order to get on he would have to go to where it was
then standing, and where passengers were usually taken
on, some distance north of the depot. The most practica-
ble route from the depot to the caboose, and the one usu-
ally taken by passengers, was on the defendant's right of
way, and for a part of the distance, on the track or one of
the side tracks. On receiving such information the de-
ceased and some other passengers started for the caboose,
walking on one of the side tracks, the deceased between the
rails. On the way they passed an engine standing on a
spur of road which led from a turntable to the side track
on which they were walking. As they were thus making
their way to the caboose the engine which they had passed
backed from the spur onto the side track on which they
were walking, and moving backward in the direction of
the caboose at the rate of about ten miles an hour, struck
and killed the deceased. There is also evidence tending
to show that no warning was given the deceased of the ap-
proach of the engine by bell, whistle, the display of lights
or otherwise. The night was dark; so dark, the defendant

insists, that its engineer could not have seen deceased and his companions in time to warn them had he been looking. For the greater part of the distance from the depot to the caboose, and at the point where the accident occurred, there was a space between the tracks where the deceased might have walked; but it was not wholly free from obstructions, more or less formidable to those walking after night. We think the foregoing fairly reflects the facts which the evidence proves or tends to prove, so far as they throw light on the present inquiry. We might add that there is no evidence that the deceased at any time looked or listened for the approach of an engine or train. The question presented at this stage is whether the facts stated show such negligence on the part of the deceased as to preclude a recovery in this case. The facts relied upon as showing such negligence, are that there was a space at the point where the deceased was killed, and for some distance before he reached that point, where he might have walked instead of walking on the track; and that, being on the track, he failed to look or listen for approaching trains. While a railroad track is a place of danger, to walk on such track is not always negligence. Whether it is negligence in a given case depends largely on the attendant circumstances. In this case the defendant was under contract with the deceased to carry him by one of its trains from Oakland to Omaha. Through no fault of his, in order to get on the train the deceased was obliged to walk some distance in the dark on the defendant's right of way, and a part of the distance on one of its tracks. While it is true that at the place he was killed, and for some distance before reaching that point, there was a space between the tracks, where he might have walked, and which, as a matter of fact, was reasonably safe, it was of such a character that one walking in the dark, as was the deceased, might reasonably hesitate in making choice between it and the track as a place of safety. One threading his way among the tracks in a railroad yard is surrounded by dangers. In his effort to avoid one he is liable to run into another. The

best and safest course is largely a matter of conjecture. A mere error of judgment in choosing under such circumstances, can not be said, as a matter of law, to constitute negligence. What we have just said applies, in part, to the omission to look and listen. On that point we may add that this court can not say, as a matter of law, how often or at what intervals the deceased was required to use his senses to determine whether an engine is approaching him from behind on the side-track. He had passed over that portion of it, and found it clear. The track in front of him, another engine in the yard, his own steps, and other matters, all claimed his attention. Besides, it is conceded, that it was so dark that the engineer, had he been on the lookout, could not have seen the deceased in time to warn him. As we have seen, we must assume that no lights were displayed on the engine; the companions of the deceased did not hear the approach of the engine until it was so near that they had barely time to save themselves. Under such circumstances, his failure to look and listen is not conclusive on the question of negligence. In our opinion, the motion for the direction of a verdict was properly overruled.

The following are among the assignments argued at length:

"The court erred in overruling the defendant's objections to the questions put by the plaintiff's counsel, to the witnesses, as to whether or not there was any light on the rear end of the engine No. 104 and as to whether or not any bell was ringing on said engine just before it struck the deceased, because said questions were leading and suggestive, and were incompetent and immaterial under the issues in this case.

"The court erred in receiving the evidence of plaintiff's witnesses as to conversations between the deceased, and others present, and the Western Union Telegraph operator, Walter Rindquist, in regard to going to the caboose, over the objections of the defendant, because the same was incompetent and immaterial and there was no evidence to

show that said operator had any power to bind the defendant by any statement whatever."

The briefs are equally obscure as to the witnesses referred to, and the portion of the voluminous record where the alleged errors occurred. The assignments are too indefinite. *Wonderlick v. Walker,* 41 Nebr., 806, 810; *Eagle Fire Co. v. Globe Loan & Trust Co.,* 44 Nebr., 380; *Sigler v. McConnell,* 45 Nebr., 598; *Blocdel v. Zimmerman,* 41 Nebr., 695; *City of Omaha v. Richards,* 49 Nebr., 244.

It is next urged "the court erred in excluding the evidence of the witnesses, offered by defendant, as to the condition of the grounds and traveled paths, from the depot north to the north end of defendant's yards, both on the east and west sides of defendant's main line track." This assignment is no more definite than those last referred to, but the brief points out the page of the bill of exceptions where the rulings complained of may be found. In one instance, the evidence was sought to be elicited by the defendant on cross-examination, by the following question: "Then a person could travel, from the depot, between the main line track and the passing track, without obstruction, from the depot clear back to the north end of the yard at Oakland." This question followed a rigid cross-examination in which the facts were laid bare. The offer, following the rulings on the question, was not to show that a person could travel as indicated by the question, but to show the same state of facts as had already been drawn out on cross-examination. The offer was properly rejected.

The next question referred to is one addressed to defendant's own witness. It was objected to and the objection sustained. No offer showing what the defendant expected to prove by the witness was made. The settled rule is that without such offer, the ruling on such objection will not be reviewed.

The defendant tendered the following instructions, all of which were refused, and such refusal is now assigned as error:

"1. In this case the plaintiff as administrator of the estate of Walfred Hegglund, deceased, sues to recover damages from the defendant on account of the death of the said Hegglund, claiming that said death was caused by the negligence of the defendant, and that said Hegglund was free from any negligence on his part. The defendant denies that Hegglund's death was caused by its negligence, denies that said Hegglund was free from negligence on his part, and alleges that his death was caused by the carelessness and negligence of the deceased himself. The burden of proof is on the plaintiff to establish the following facts: First, that deceased came to his death on account of the negligence of the railroad company; second, that such death occurred under such circumstances and in such a manner that deceased, if he had lived, could have recovered damages against the defendant for his injuries. The jury are therefore instructed that unless you are satisfied, by the preponderance of the evidence, of the truth of both of these propositions, the plaintiff will not be entitled to recover, and your verdict should be for the defendant."

"3. You are instructed that negligence, which in law will entitle the plaintiff to recover, is the omission to do and perform some act or duty, which a reasonable man would do or the doing of some act which a reasonable and prudent man would not do, under the same or similar circumstances. Measured by this rule, if the plaintiff has failed to establish such negligence on the part of the defendant by a preponderance of all the evidence, your verdict should be for the defendant.

"6. The undisputed facts established by the evidence in this case, are that the deceased at the time of the accident knowingly and without any cause or excuse therefor went upon the defendant's railroad track and between the rails of said track upon which an engine was standing, fired up and ready to move; that he walked along on said track, between the rails in the night time, with his back to said engine, and without making any effort to ascertain if said

engine was moving or in which direction the same was moving, such action on his part was gross contributory negligence. And unless you find from the evidence that the person or persons, in charge of said engine, knew, or by the exercise of ordinary diligence might have known, of the dangerous position in which deceased had placed himself; and having such knowledge carelessly and without warning ran said engine over him and killed him, the plaintiff can not recover; and you will find for the defendant.

"7. The plaintiff in this case can only recover for the pecuniary loss sustained by the widow of Walfred Hegglund, occasioned by his death. Such pecuniary loss is the loss of her means of support for the period during which he would probably have lived, but for his injury and death on the 22d day of May, 1899. If you find that his widow has married again, since his death and is not now dependent upon his labor for her support, then if you find for the plaintiff, you may take this fact into consideration in estimating the pecuniary loss, if any, which she has sustained and in fixing the damages in this case."

As to the first, it is faulty, because by it the defendant sought to submit a question of law to the jury, namely, whether the deceased, had he lived, could have recovered damages of the defendant for his injuries. It was properly refused.

As to the third, the court on its own motion gave one numbered 3, in the same language, adding thereto the following: "It is for you to fix the standard for reasonable, prudent, cautious men under the circumstances of this case, as the evidence discloses such circumstances to you, according to your judgment and experience of what reasonable, prudent and cautious men would do under the same circumstances, and then test the conduct of the deceased involved in this case, and try it by that standard." The defendant insists that the foregoing addition renders the instruction obscure. It does not so appear to us. It simply gives the jury the standard by which they are to test the conduct of the deceased. The standard given is

the one they should have applied in the absence of any instruction on that point. As the instruction tendered was included in the one given by the court on its own motion, which included other matters upon which it was proper to instruct the jury, there was no error in refusing the one tendered.

As to the sixth, it does not truly reflect the facts and was properly refused.

As to the seventh, it appears in evidence that the deceased was a married man, but died without issue, and that his widow had remarried before this case was tried below. The question raised is not free from difficulty. We have found no authority directly in point. The statute provides that, "in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars." Compiled Statutes, ch. 21, sec. 1. The recovery is thus limited to the pecuniary injuries resulting from the death of the deceased. The defendant insists that the pecuniary loss to the widow is loss to her means of support, and, having married again, she thereby acquired new means of support, and that such fact should have been submitted to the jury, and by them taken into account in arriving at a verdict. That the pecuniary benefits, resulting to a wife from her relationship to her husband, give her a pecuniary interest in his life, will be conceded. Such benefits are not general, but specific benefits, resulting from a specific relationship. His death ends that specific relationship, and deprives her of such specific benefits. The pecuniary injury resulting to her from his death, in our opinion, is to be measured by the probable value of such specific benefits, unaffected by the fact that subsequently she may have entered into new relations which will result in benefits similar to those she has lost by his death. The instruction was properly refused.

Complaint is made of the first instruction given by the
44

court on its own motion. It is long, and it must suffice to say that it is a clear statement of the issues in the case, and of the facts the plaintiff was required to prove to entitle him to a verdict. No error in it is pointed out, nor do we discover any.

The third instruction is complained of but we have considered it under the assignment of the refusal to give the third instruction asked by the defendant.

The sixth instruction, given by the court on its own motion, is as follows:

· "If you find from the evidence, under the instructions of the court, that the deceased, Walfred Hegglund, went upon the right of way and tracks of the defendant company for the purpose of getting upon the caboose of the train which was to transport his stock, and while so doing conducted himself and acted as an ordinarily reasonable, prudent and cautious man would have acted under the same circumstances, and while so upon said right of way and tracks received injuries which caused his death by and through the negligent act of said defendant company or its agents or employees, which negligence must be shown by a preponderance of the evidence, and must be the negligence complained of; then, and in that event, your verdict should be for the plaintiff for such sum as the evidence shows to have resulted therefrom, not to exceed the sum of $5,000."

The defendant insists that this instruction is erroneous, because "the jury should have been told that it must have been either necessary or proper for the deceased to have placed himself on the railroad tracks." The question was not exactly whether it was necessary or proper for the deceased to have placed himself on the railroad track, but rather, whether in doing so, he did that which a man of ordinary care and prudence would not have done, under like circumstances. By the instruction under consideration the jury were told that if the deceased went—that is, walked or traveled—on the right of way and tracks for the purpose of getting on the caboose, and while doing so con-

ducted himself and acted as an ordinarily reasonable, prudent and cautious man would have acted, under the same circumstances, etc.  We think a fair construction of this instruction on this point is that it required the jury to find that in walking on the track the deceased was doing that which a man of ordinary care and prudence might have done under like circumstances.  If a more explicit statement on that point was desired by the defendant, it should have tendered an instruction to that end.  The instruction as it stands is not erroneous.

The defendant complains of the refusal of the court to submit certain special findings.  This is a matter largely within the discretion of the trial court.  Such discretion does not appear to have been abused in this case.  We discover no error in the record.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissenting.

I think that to walk with one's back to a live engine between the tracks of a road on which that engine may readily be moved, on a dark night, in a switch-yard, where it is well known that switching is being done, and it is well known that engines are standing ready to be moved at any time, and without any attempt to ascertain if an engine is approaching, is of itself such prima-facie negligence as to make it necessary for the plaintiff to prove that there was no other reasonable and proper route upon the road-bed and right of way, or otherwise, whereby deceased could have gone from the depot to the caboose, and in the absence of such proof the plaintiff could not recover.

2. Under such conditions the question put to one of plaintiff's witnesses upon cross-examination, as to whether

a person could travel to the north end of the yard from the depot between the main line track and the switch-track, was a proper question upon cross-examination, and to exclude this line of cross-examination was error which calls for a reversal of the judgment.

3. I think the sixth instruction given by the court on its own motion was erroneous. It purports to tell the jury what facts must necessarily be found in order to find a verdict for the plaintiff, and it omits an essential element of the plaintiff's case. It may under the circumstances have been prudent to have traveled over the defendant's right of way or even over the road-bed, and imprudent to have traveled upon the track between the rails, and the distinction should have been made plain to the jury. The phrase "went upon the right of way and track of the defendant company," uniting the two together, may well have led the jury to suppose that they were not to make any distinction, so that unless it was negligent to go upon the right of way at all, it would not have been negligent to walk between the rails of the track, and I think the jury should have been told that unless circumstances were such that it was necessary for the deceased to place himself between the tracks, such act must be considered negligent on his part.

The following opinion on rehearing was filed on May 20, 1903:

Stare Decisis. Upon re-examination of the cause, the judgment heretofore rendered is adhered to.

PER CURIAM.

This cause was submitted and argued to the commissioners constituting Department No. 3, and an opinion prepared in which was recommended the affirmance of the judgment rendered in the trial court. A judgment of affirmance, for the reasons stated in the opinion, was accordingly entered in this court, Mr. Justice SEDGWICK dissenting. *Chicago, St. P., M. & O. R. Co. v. Lagerkrans, ante,*

page 566.   On application of the department preparing
the first opinion, a rehearing has been granted and the case
submitted to the same department for its further consid-
eration.   On the second submission the department is di-
vided in its recommendation, a majority favoring a re-
versal of the judgment of affirmance heretofore entered.
A further examination by us of the questions involved in
the determination of the controversy is productive of no
change in the views of the court, as expressed in the former
opinion.   The reargument has resulted in nothing new or
essentially different from those questions considered and
determined by the judgment already rendered.   A major-
ity of the court is still of the opinion that the former judg-
ment correctly determines the rights of the litigants in the
final disposition of the cause, and the same is accordingly
adhered to.   For the reasons stated in his dissenting opin-
ion at the time of the rendition of judgment of affirmance
herein, SEDGWICK, J., dissents.

JUDGMENT ADHERED TO.