O. C. TARPENNING, APPELLANT, V. J. W. KNAPP, APPELLEE.

FILED MAY 10, 1907. No. 14,804.

1. **Appeal: INSTRUCTIONS: REVIEW.** Errors alleged in instructions to the jury must be called to the attention of the trial court in the motion for a new trial before they will be considered by this court.

2. ——: **EVIDENCE: REVIEW.** This court will not consider an assignment that the trial court erred in receiving evidence over the objection of the party. Our attention must be called to the specific evidence against which the objection is urged.

APPEAL from the district court for Saunders county: ARTHUR J. EVANS, JUDGE. *Affirmed.*

*O. C. Tarpenning, pro se.*

*Simpson & Good, contra.*

DUFFIE, C.

Tarpenning brought this action against Knapp to recover $250 commission on a sale of lands. The answer set up two defenses: First, that the contract of agency was not signed by Tarpenning until after January 1, 1906; and, second, that defendant himself made the sale in December, 1905. The jury returned a verdict for the defendant, upon which judgment was entered, and, the motion for a new trial being overruled, the plaintiff has appealed.

There is plenty of evidence in the record to show that Tarpenning did not sign his contract of agency until about the time of commencing his action, and a month or more after the defendant had himself sold his farm. The court instructed the jury to the effect that, under our statute, the plaintiff would not be entitled to recover unless they found that such contract was signed by both the parties prior to the time that the sale was made by the defendant, and, also, that to entitle him to recover they must find that the sale was brought about by his efforts. In

the motion for a new trial no exceptions were taken to any of the instructions, and errors therein, if any there be, cannot be considered.

Error is also predicated on the action of the court in allowing the purchaser to testify that the efforts of the agent had no influence in inducing him to purchase the farm. The assignment of errors in this court is general and to the effect that the court erred in receiving evidence offered by the defendant over plaintiff's objection. This is not sufficient. Our uniform holding has been that the assignment must point out and specify the particular evidence of which complaint is made before we will consider it.

The judgment being fully supported by the evidence we recommend an affirmance thereof.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.