GEORGE JOINER, APPELLEE, v. J. A. POUND, JR., APPELLANT.

31 N. W. 2d 100

Filed February 25, 1948.    No. 32281.

*W. A. Ehlers,* for appellant.

*Pilcher & Haney,* for appellee.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

SIMMONS, C. J.

This is an action by a purchaser against a vendor for damages to real estate resulting from the removal of fixtures. Issues were made and trial had resulting in a verdict for the plaintiff. A motion for a new trial was made and overruled, and judgment entered on the verdict. Defendant appeals. We affirm the judgment of the trial court.

Plaintiff in his petition alleged that he had purchased certain real estate from the defendant and had paid the purchase price; that during the negotiations with defendant and defendant's agent, he was assured by the defendant and the defendant's agent that certain carpeting and padding located in the premises and attached to the real estate were to pass to the purchaser with the real estate, and that the representations, statements, and assurances were an inducement to the purchase; that when he took possession of the premises certain bathroom fixtures, light fixtures, curtain rods, light switch shields, closet hooks and rods, and the carpeting and padding (all of which had been attached to the premises) had been removed by the defendant; that the premises with the articles attached thereto

were worth $7,500, and with the articles removed were worth $6,832.50; that because of removing the light switch shields, the walls showed clean around the switches and were noticeably dirty elsewhere, and that plaintiff was required to wash the walls and to expend $15 per room therefor, in all to his damage in the sum of $742.50, for which he prayed judgment.

Defendant demurred to this petition in this wise. He demurred separately to all the allegations with reference to carpeting and padding for the reason that the petition failed to state a cause of action with reference to the same; to the allegations with reference to the several articles named for the same reason; and to the allegation with reference to washing the walls for the same reason. The trial court overruled the demurrer. Defendant answered. Plaintiff replied. Trial was had resulting in a judgment for the plaintiff based on the jury's verdict for $627.50.

Defendant assigns error, first contending that the trial court erred in overruling his demurrer.

Defendant's contention appears to be that the petition failed to contain allegations that the agent was authorized to make the statements. Defendant overlooks the fact that plaintiff alleged the assurances were made "by the defendant and by the defendant's agent."

The rule is that ordinarily the owner of the fee, by his annexation of personal property, renders it an accession to the land. 36 C. J. S., Fixtures, § 26, p. 964. We said in Frost v. Schinkel, 121 Neb. 784, 238 N. W. 659, 77 A. L. R. 1381, that where the owner puts in improvements, the law at once raises a presumption of intention to make them a part of the land. Rules for determining what is a fixture are construed strongly against the vendor and in favor of the purchaser. 36 C. J. S., Fixtures, § 43, p. 985; 22 Am. Jur., Fixtures, § 36, p. 744.

Where articles attached to the freehold are of such a class that a prospective purchaser has a right to as-

sume they are a part of the freehold and are not such as to put a prospective purchaser upon inquiry in reference thereto, and the freehold is sold, and no reservation of the articles is made in the instrument of conveyance, and the articles are removed by the vendor, and the purchaser sues for damages to the freehold, the burden rests upon the vendor to plead a right to remove, if that be the vendor's defense. Arlington Mill & Elevator Co. v. Yates, 57 Neb. 286, 77 N. W. 677; Roden v. Williams, 100 Neb. 46, 158 N. W. 360; Swift Lumber & Fuel Co. v. Elwanger, 127 Neb. 740, 256 N. W. 875; Runner v. Pierson, 144 Neb. 847, 14 N. W. 2d 847.

We add that we see no reason for applying the rule differently between carpets and the other items alleged to be fixtures in the petition. We are cognizant that in Oliver v. Lansing, 59 Neb. 219, 80 N. W. 829, we said: "But we can conceive of no rule of the common law which would justify a court in holding that a piano, a desk and its chair, carpets, curtains, a baggage-truck, a step-ladder, a centre-table or a settee, under the evidence, were real property, although they may have been bought by the parties with the intention that they should remain permanently in this building, and be used in connection with it, until worn out and unfitted for service." The case was reversed and remanded with directions to the trial court "* * * to determine from the evidence already of record and such as may hereafter be adduced, if any, what articles in controversy are fixtures and what are personal property, according to the principles laid down by this court in said case of Freeman v. Lynch, supra, and to adjust the rights of the parties according to their interest." Freeman v. Lynch, 8 Neb. 192, is the basic case relied upon in Swift Lumber & Fuel Co. v. Elwanger, supra. In the latter case we held that whether an article annexed to the real estate has become a part thereof is a mixed question of law and fact. In the Oliver case, supra, the

court was directed to determine the fact as to whether the carpet and other articles mentioned were fixtures.

The rule is: " 'If from the facts stated in the petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie.' " Central Nebraska Public Power and Irrigation District v. Walston, 140 Neb. 190, 299 N. W. 609. A single paragraph of a statement of a cause of action is not subject to demurrer on the ground that it does not state a cause of action if the pleading as a whole states a cause of action. 41 Am. Jur., Pleading, § 231, p. 454; 49 C. J., Pleading, § 538, p. 426; § 25-806, R. S. 1943. We think it clear that the demurrer was properly overruled.

The evidence is that the premises involved was a residence property, owned jointly (without further definition) by the defendant and his wife. They had purchased it some three or four years before the events in question. At the time of their purchase there was a runner carpet in the front hall, from the entrance door to a door into the kitchen, also on and up the stairway and the full length of an upstairs hallway. This carpet was attached to the floor and steps by tacks. Under it was a padding. The carpet and padding are part of the articles involved in this action. Apparently after the defendant and his wife purchased the property, they installed in the dining room an elaborate crystal teardrop chandelier. This was screwed into a plate attached to the ceiling and electric connections made. The kitchen light fixture was screwed into an outlet socket; the bathroom and closet fixtures, and curtain rods were attached to the building either by screws or nails. There is no dispute but that defendant removed the principal articles involved, although there is dispute as to the number and quality of some of the articles removed.

The defendant assigns as error the overruling of objections to the admission of testimony offered by plaintiff and in refusing to admit testimony offered by defendant. Defendant argues the two assignments together.

Rule 8 a 2 (6) of this court relating to briefs provides: "The statement of facts shall be made in narrative form and shall consist of the substance of so much of the record, with appropriate references, as is necessary to present the case." Rule 8 a 3 provides in part as follows: "In the preparation of the brief, the following general rules shall be observed: * * * (2) References to interrogatories in the bill of exceptions shall be made by setting forth in parenthesis the page and question number in the bill of exceptions, as for example, (165:926), the number preceding the colon representing the page of the bill of exceptions and the number following representing the number of the interrogatory."

Defendant's brief under "Statement of Facts" contains statements as to the evidence—summarizing some 220 pages of testimony and over 1300 questions and answers—in which there is no reference to page and question in compliance with the above rule, and five references to questions and answers by question number alone. These references to evidence do not go to the evidence here assailed. In his argument on these two assignments there is no compliance whatever with the rule as to argument that "A party may, in connection therewith, make such further statement of facts, or quotation from the record, as he deems necessary properly to present the question, supporting such facts by appropriate reference to the record." Rules of the Supreme Court, Rule 8 a 2 (7). We have repeatedly held that attention must be called to the specific evidence against which the objection is urged. Chicago, St. P., M. & O. Ry. Co. v. Lagerkrans, 65 Neb. 566, 91 N. W. 358, on rehearing, 65 Neb. 580, 95 N. W. 2; Williams v. Fuller, 68 Neb. 354, 94 N. W. 118, on rehearing, 68 Neb. 362, 97 N. W. 246; Tarpenning v. Knapp, 79 Neb. 62, 112 N. W. 290.

The rules of court are not arbitrary. They are made to enable the parties to present their cause in a clear manner, so that the court may have before it the par-

ticular question that the parties desire to present and the proper relation to the record, in order that parties and court working together may arrive at a more exact answer to questions presented, and better administer justice. We have searched the record, without being certain that we have found all the evidence about which defendant complains.

Defendant having so elected to treat the evidence, we shall so treat it.

The record discloses that plaintiff's witnesses were permitted to testify as to the articles which it is claimed defendant removed from the premises and as to the fair and reasonable market value of like or similar articles, based in some instances on replacement costs of new articles. Defendant's contention is that the measure of damages is the difference in value between the thing contracted for and the thing received, and that the cost of some other article either new or old is not competent evidence in arriving at the amount of damages to real estate.

The rule that the measure of damages is the difference in value of the real property before and after the removal of the articles is not an exclusive rule. The primary object is to determine the amount of the loss. Whatever rule is best suited to that determination should be followed. The recovery must be reasonable having its basis in a proper consideration of all relevant facts.

Fixtures ordinarily have a value separate and apart from the realty to which they are attached. That value may properly be submitted to the jury to enable it to more accurately determine the loss suffered by the purchaser. The replacement cost may more accurately reflect the loss than opinion evidence as to the difference in value of the real estate before and after the removal. Koyen v. Citizens Nat. Bank, 107 Neb. 274, 185 N. W. 413; Slane v. Curtis, 41 Wyo. 402, 286 P. 372, on rehearing, 41 Wyo. 417, 288 P. 12; Annotations, 69 A. L. R. 914;

15 Am. Jur., Damages, § 116, p. 526; 25 C. J. S., Damages, § 85, p. 608, and § 88, p. 627.

The trial court did not err in the admission of the testimony.

Defendant also complains that plaintiff was permitted to testify as to the cost or value of the washing of the walls. The evidence is not cited. We find testimony of plaintiff as to the time spent in washing the walls. We find no testimony as to the cost or value of the labor involved. Accordingly, we find no merit in the contention.

The real-estate agent who negotiated the sale of the premises to the plaintiff for the defendant testified as to his knowledge of the premises and, over objection, that the fair and reasonable market value of the premises with the removed articles therein was $7,500, and with the articles removed, $6,750 to $6,850. Defendant contends this evidence was incompetent because it was not based on independent knowledge of values, but on testimony heard during the trial. Defendant did not base his objection to the testimony on that ground but on the ground that the contract of sale did not include the articles removed. The record shows that the testimony was based on expert knowledge of values. We do not find where it was based upon testimony heard during the trial. The assignment is without merit.

The evidence shows that the defendant placed a chandelier in the dining room in the place of the one removed. Defendant complains that he was not permitted to show the difference in value and the amount of damage, if any, to the real estate as to the chandelier removed and the one placed in the premises. Defendant does not cite the record. We have not found it. Under the rule heretofore stated, this assignment is overruled.

Defendant at the close of plaintiff's case-in-chief and at the close of the case moved for a directed verdict on the grounds that the petition did not state a cause of

action; that there was not sufficient testimony to support or prove the allegations as to damage; that the petition did not allege the purchase and sale of personal property; and that the evidence failed to show any such agreement. The trial court overruled the motions. Defendant assigns the overruling of these motions as error. For reasons heretofore given, the claimed error is not sustained.

Defendant assigns as error the refusal of the trial court to give defendant's requested instructions numbered 1, 2, and 3. A like assignment of error appears in the motion for a new trial. As to this assignment the rule is: "An assignment of error in a motion for a new trial to the effect that the trial court erred in refusing to give a group of tendered instructions does not require a consideration of such assignment further than to ascertain that any one of the tendered instructions was properly refused." Anderson v. Nebraska Defense Corporation, 146 Neb. 466, 20 N. W. 2d 322. As we said there, so we say here: "* * * we have examined the instructions refused and without setting them out we find that some of them do not correctly state the law." For instance, requested instruction numbered 1 would have required the jury to find for the defendant if it found that any one of the articles involved in this litigation was not a fixture.

Defendant assigns as error the giving by the trial court of instructions numbered 4, 5, and 7 on its own motion. In his motion for a new trial defendant said "* * * the court erred in given (sic) instructions numbers 1, 2, 3, 4, 5 and 6 on its motion to the jury." "It has long been the rule of this court that an assignment of error in a motion for a new trial to the effect that the trial court erred in giving a group of instructions does not require a consideration of such assignment further than to ascertain that one of the instructions was properly given." Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602. Defendant does not contend here that instructions

numbered 1, 2, 3, and 6 are erroneous. Applying the above rule, further consideration is not given to this assignment so far as it relates to instructions numbered 4 and 5. Defendant's assignment of error as to instruction numbered 7 is subject to the rule that "* * * error alleged in an instruction to the jury must be called to the attention of the trial court in the motion for a new trial before it will be considered by this court." Muller v. Jensen, 144 Neb. 1, 12 N. W. 2d 80.

Defendant's next assignments of error, stated separately, are that the verdict and judgment are contrary to the competent evidence; are contrary to the rules of law applicable to the case; are the result of prejudice induced by the presentation and admission of improper testimony; are not sustained by competent evidence and the rules of law applicable thereto; are unreasonable, unjust, and excessive; and that the trial court erred in overruling defendant's motion for a new trial. Defendant argues these assignments jointly. They are answered by what has been recited and held heretofore in this opinion.

The judgment of the trial court is affirmed.

AFFIRMED.