MANN, Associate Judge.
Is wall-to-wall carpeting real or personal property? It all depends. A careful analysis of the cases will reveal that the question is not what carpet is like, but what the parties intended, considering the demands of justice in the light of the interests to be balanced. Rectangular plates of steel not fastened in any way to the mill in which they formed the floor were held to be a fixture in Pyle v. Pennock, Pa.1841, 2 Watts & S. 390. Asked whether a plate of steel is personalty, the typical lawyer might quickly respond that it is, but the answer is that it depends on circumstances. So it is with carpeting, which is today frequently installed as a finish flooring over bare concrete slabs as a part of the construction contract, as in the case before us.
The summary judgment appealed held that Minichiello, having a “lien or prospective lien” (Florida Statutes § 713.-01(10), 1967, F.S.A.) was a lienor (§ 713.-02) who might sue the surety directly under § 713.23, because the contract required installation of carpet and permitted retain-age of the final ten per cent of the contract price until completion, including the installation of “fixtures and carpeting.”
Appellant relies on Fell v. Messeroff, Fla.App.1962, 145 So.2d 238. In that case the lessee of a building ordered carpeting, we assume as a replacement floor covering, and the unpaid vendor sought to impress a lien on the fee, which was rightly resisted by the owner, who was not shown to have had knowledge of, not to mention specific intention regarding, the carpeting installation. Here carpet was specified as the original floor covering, as permanent as most of them are, and the trial judge wisely determined that under these circumstances carpet in the living room differs in no legally significant respect from tile in the bathroom and granted summary judgment.
 The cases cited in annotation, 55 A.L.R.2d 1044, will disclose the materiality of the parties’ intention as the key to characterization of carpeting as real or personal property. Even more subtle analysis will show the materiality of the parties’ relationship and the requirements of justice in the particular case in the resolution of this factual question. It is meaningful to inquire whether the dispute which raises the question involves conflicting security interests, or is between landlord and tenant, vendor and vendee, debtor and creditor or, as here, the carpeting subcontractor and the general contractor’s surety. Here there can be no genuine issue about the facts. See Greenwald v. Graham, 1930, 100 Fla. 818, 130 So. 608; Joiner v. Pound, 1948, 149 Neb. 321, 31 N.W.2d 100. Anyone inclined toward dogmatic answers to complex questions should read the instructive opinion of Chief Justice Gibson in Voorhis v. Freeman, Pa.1841, 2 Watts & S. 116, 37 Am.Dec. 490.
In all other respects this case is like United Bonding Insurance Company v. Atlantic Roofing & Sheet Metal Co., Inc. Fla. *222 App., 221 So.2d 461, opinion filed February 6, 1969, and subject to affirmance on the grounds there stated as well as those herein discussed.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD, K., J., concur.