FLINN PAVING COMPANY, INC., A CORPORATION, APPELLANT, V. SANITARY AND IMPROVEMENT DISTRICT NO. 227 OF DOUGLAS COUNTY, NEBRASKA, APPELLEE.

254 N. W. 2d 78

Filed May 25, 1977. No. 41043.

James F. Fenlon, for appellant.

Warren S. Zweiback of Zweiback & Laughlin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action for damages for breach of a construction contract. The jury found there had been no breach of contract entitling either party to damages. The court accepted the verdict of the jury and overruled plaintiff's motion for new trial. Plaintiff appeals, setting out two assignments of error. Both refer to the fact that the court erred in failing to instruct the jury in certain particulars. We affirm.

The conclusion we reach does not involve a discussion of the evidence. Consequently we recite only enough of the facts to understand the nature of the case. On September 9, 1974, Flinn Paving Company, Inc., a paving contractor, contracted with Sanitary and Improvement District No. 227 of Douglas County to construct a paving and storm sewer section. The contract provided that: "If satisfactory progress is made, payments shall be made by the Owner each month upon certification by the Engineer in the amount of 85 percent of the value of the work completed during the preceding month, * * *." It further provided that time was of the essence and the contractor was given 30 working days to complete the project.

The contractor commenced work on October 8, 1974. On November 7, 1974, defendant's engineer certified the work plaintiff had done in October as satisfactory. There was a dispute, however, as to whether there had been satisfactory progress on the job. A warrant was issued for the work done in October on November 15, 1974. The contractor denied it received any knowledge of the warrant until after it abandoned the contract. A warrant was ultimately received by the plaintiff, endorsed by its president, and negotiated. However, after the filing of the suit the check in payment for the warrant was returned by plaintiff and the warrant was canceled.

We do not reach the questions raised in the assignments of error. After the trial court had completed the instructions, he submitted them to counsel for their comment or objection. The purpose of an instruction conference is to give the trial court an opportunity to correct any errors being made by it. If the parties have any objection to any of the instructions, they should make them at that time. The failure to object to instructions after they have been submitted to counsel for review will preclude raising an objection on appeal. Haumont v. Alexander, 190

Neb. 637, 211 N. W. 2d 119 (1973). The plaintiff's failure to object to any of the instructions precludes our consideration of them.

There is still another reason why the assignments of error alleged by the plaintiff are not before us. Even if objection had been made, they were not properly presented in plaintiff's motion for a new trial. Flinn made a general assignment: "The Court erred in failing to give the instructions to the jury which were proposed by the Plaintiff."

In Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100 (1948), this court stated: "An assignment of error in a motion for a new trial to the effect that the trial court erred in refusing to give a group of tendered instructions does not require a consideration of such assignment further than to ascertain that any one of the tendered instructions was properly refused."

It is clear that some of the proposed instructions were properly refused. One example will suffice. An instruction was tendered that the jury should disregard the issuance of warrants since they were not admitted into evidence. This was incorrect. Exhibit 9, which is a copy of two warrants, was received in evidence. Further, the substance of some of the instructions was given. Plaintiff's motion for a new trial did not make a proper assignment of the alleged errors it now seeks to raise.

For the reasons stated, the judgment is affirmed.

AFFIRMED.