JOHN LOEFFLER, Respondent, *v.* KEOKUK NORTHERN LINE PACKET COMPANY, Appellant.

May 6, 1879.

1. The giving of an erroneous instruction is not a ground for reversal where it is manifest, from the undisputed facts in the case, that it could not mislead the jury.

2. When a carrier refuses to deliver goods to the owner except upon a condition which is unreasonable, this is equivalent to an absolute refusal, and constitutes a conversion.

3. The measure of damages in such a case is the value of the goods at the time of the conversion; and where there is a question as to the injury conse-

quent upon their detention, the owner is not bound to accept a subsequent tender.

4. When the court refused to allow counsel to ask the jury on their *voir dire* as to their prejudice against corporations, and then stated to the jury that if any of them had a prejudice against corporations which would bias them, counsel desired them to leave the box, and, no reply being made, they were sworn in without objection, the point is waived.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
T. Z. BLAKEMAN, for appellant.
G. H. HOSPES, for respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action against the defendant as a common carrier, for breach of contract to deliver certain goods. The allegation is that the defendant, having received the articles in good order at La Crosse, to be delivered to the plaintiff at St. Louis, failed and refused to deliver the same. The defendant answers that it offered the goods to the plaintiff and he refused to receive them; and that it thereupon stored the goods, and has always been willing, and now offers, to deliver the goods. There was a verdict and judgment for the plaintiff, and the defendant appeals.

There was testimony tending to show the contract, and that when the goods arrived in St. Louis some of the packages containing the goods were broken open and some of the goods appeared to be missing; that the plaintiff said the defendant ought to pay him some damages; that the defendant said it would not pay a cent, and refused to allow the plaintiff to remove the goods unless without examination he would receipt for them as being in good order; and said that unless the plaintiff at once gave such a receipt and removed the goods, defendant would store them. The plaintiff refused to remove the goods on this condition, and the defendant placed them in its warehouse.

The bill of exceptions contains a statement that the court refused the instructions offered by the defendant; and this

statement is followed by certain declarations of law, as to which we cannot see from the record whether they are the instructions referred to or not. Were it a matter for guessing, we might guess, from marks in the margin, that some of these instructions were refused; and that one of them was refused as offered, and given by the court, as its own, in a modified form. But to these marginal marks we can pay no attention. Nothing appears from which we can see what instructions were asked for the defendant, or refused, or that the court passed upon any instructions except those given for the plaintiff, which were to the effect: 1. That if the jury believe, from the evidence, that the offer of the defendant to deliver the goods was conditional, such offer is no defence. 2. "If the jury believe, from the evidence, that after the arrival of the goods at their destination at St. Louis, and when, under the circumstances, the defendant could have delivered the same, the defendant refused to deliver the same, then the jury will find for the plaintiff; and it makes no difference, in this case, what reason the defendant assigned for its refusal to deliver the same." 3. The measure of damages was declared to be the value of the goods at the time of the refusal to deliver.

The rule is that an absolute refusal by a carrier to deliver goods to the person entitled constitutes a conversion; but if the refusal be qualified, and the qualification attached to the refusal be reasonable, and made in good faith, it does not constitute a conversion. If, for instance, at the time of demand, a reasonable excuse be made in good faith for the non-delivery, the goods being evidently kept with a view to deliver them to the true owner, there is no conversion. Considered as an abstract proposition of law, then, the second instruction for the plaintiff was indefensible; but, considered in view of the undisputed facts of this case, we cannot see that it could prejudice the defendant. The only condition imposed was that the plaintiff should receipt for these goods, which were not in good order, as being in good

order.    There is no dispute that this condition was imposed.
And it was clearly unreasonable.    The receipt would have
stated a falsehood.    The imposal of this unreasonable con-
dition was equivalent to an absolute refusal to deliver the
goods.

It is contended that the instruction as to damages was
wrong.    It is claimed that the plaintiff should have been
compelled to take his goods, and that the measure of dam-
ages is the damage the goods had sustained.    Where
property is of fixed value, and of its nature cannot be sub-
ject to deterioration, an order is sometimes made, where a
proper case presents itself, in the action of trover, for a
return of the goods.    This is in the discretion of the court ;
and the order is not made where there is a contest as to the
value of the goods, or as to the necessary consequential
damages ; nor unless the conduct of the defendant in refus-
ing to deliver is such as peculiarly to entitle him to the
favorable consideration of the court.    *Yale* v. *Saunders,* 16
Vt. 243 ; *Railroad Co.* v. *Bank,* 32 Vt. 644.

The general rule is, that where one without the consent of
the owner unlawfully undertakes to retain or dispose of the
goods of another, as having in them a property special or
general, he does it at his own risk ; and even a subsequent
tender of the goods will not necessarily excuse him, if the
owner choose to demand their value.    *Gibbs* v. *Chase,* 10
Mass. 128.

It is contended that the plaintiff's petition will support
a judgment only for damages for non-delivery at a particular
time, or for delay in delivery ; and that to entitle the plain-
tiff to recover the full value of the goods, he should have
alleged that they were wholly lost, or else he should have
sued in trover for a conversion.    The fact that the date of
the demand is stated does not make the petition an action
for special damages for failure to deliver on that particular
day, as counsel for the appellant contends.    The allega-
tion is not that the breach consisted in a failure to deliver

specially on the day of demand. As we have said, the demand and refusal are evidence of a conversion; and though they do not establish it, where it appears that there has been in fact no conversion, as where the goods are lost or stolen, yet, in the absence of some such evidence, they do establish it. At common law the action might have been case or trover, and a count in trover might have been joined with the other counts in the declaration in case; and the reason is that there is the same judgment in both. Ang. on Car., sect. 430. The nature of the grievance is sufficiently set forth in the petition, and the plaintiff was entitled, on this state of facts, to recover the full value of the goods, as he would have been at common law in either of the common-law forms of action named, had he proved the facts alleged in this petition.

A point is made in the brief of counsel for the appellant on the action of the trial court in refusing to allow the jury, when examined on their *voir dire*, to answer a question as to their prejudice against corporations. An exception was saved to this action of the court. The court then said to the jury: "Gentlemen, if any one of you could not render the same verdict in a case where a corporation is defendant as you could between private individuals, or do the same thing in regard to corporations as you would with a private individual, he don't want you to sit there." There was no reply; and the jury was sworn without further objection or exception. By this failure further to object or except, the point was waived. It was the duty of counsel, if not satisfied with the action of the court, to insist upon his question. The court, under the circumstances, would suppose that counsel regarded the statement made by the court to the jury as a satisfactory substitute for the question excluded, and that counsel accepted the panel.

The judgment is affirmed. All the judges concur.