PEORIA MANUFACTURING COMPANY V. E. T. HUFF
ET AL.

FILED MAY 1, 1895. ' NO. 6408.

1. **Negotiable Instruments:** ACCOMMODATION MAKER. An accommodation maker is one who executes commercial paper without consideration in order to enable the payee, or holder, to thereby obtain credit.

2. ———: ———: PRINCIPAL AND SURETY. One who executes a promissory note as surety for another is not an accommodation maker.

3. ———: ———: ADMISSION OF EVIDENCE. Rule applied to evidence in support of several signers claiming to be accommodation makers.

4. ———: ———: ———: REVIEW. A judgment will not be reversed on account of error in the admission of evidence not prejudicial to the party complaining.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.

*Atkinson & Doty*, for plaintiff in error.

*Davis & Hibner, Field & Holmes,* and *J. E. Philpott*, contra.

POST, J.

This was an action by the plaintiff in error, the Peoria Manufacturing Company (hereafter called the "Manufacturing Company"), against F. P. Lawrence, E. S. Hawley, and E. T. Huff on their joint promissory note for $2,000, dated January 22, 1891, due sixty days after date. The plaintiff recovered in the district court for Lancaster county against Lawrence, but there was a verdict and judgment therein in favor of the other defendants, from which both Lawrence and the Manufacturing Company have prosecuted a proceeding by petition in error to this court.

The defendants below answered separately, but alleging substantially the same defenses, viz.: (1) That the note in suit was executed at the instance and special request of the Manufacturing Company, and for no consideration whatever, but for the sole purpose of enabling said company, the payee thereof, to obtain credit in the city of Peoria, and that in consideration of the execution of said note for the purpose aforesaid the payee thereof agreed to protect and keep the defendants harmless on account thereof; (2) that on the 22d day of January, 1891, the Lawrence Implement Company, a Nebraska corporation whose principal place of business was in the city of Lincoln, executed its note in favor of the plaintiff in the sum of $2,000, due one day after date; that said last mentioned note was delivered to and accepted by the plaintiff in full satisfaction of the note sued on; that on the 9th day of March, 1891, an action was commenced by the plaintiff against the implement company on its said note, in which an order of attachment was issued and served by the seizure of the property of the defendant therein of the value of $——; that on the day following, to-wit, March 10, final judgment was entered in said action against the implement company for the amount of said note, accompanied by an order for the sale of the property previously attached in satisfaction thereof; that said judgment remains in full force and no steps have been taken by the plaintiff to enforce the same by the sale of the attached property or otherwise.

It is shown by the evidence that on and prior to the 22d day of January, 1891, said implement company, of which the defendants below were officers, said Lawrence being the president and general manager, was indebted to the plaintiff in the sum of $2,000, represented by a note of that amount, maturing on the day last mentioned. The plaintiff having been advised by the implement company through its president, Mr. Lawrence, that it would be unable to

pay said note when due, sent a representative to Lincoln, who agreed to an extension, provided said company would give individual signers instead of the note last mentioned. This proposition was accepted by Mr. Lawrence in behalf of the implement company, and in pursuance of that agreement the note in suit was prepared by Mr. Davis, the plaintiff's agent, and signed by Lawrence, and on the same day, or the next, by Hawley and Huff. Upon the delivery of said note to Davis the latter surrendered to the implement company its matured note and received from Lawrence the company's check for the interest thereon.

We will first consider the questions presented by the petition in error of the Manufacturing Company, which requires an examination of the evidence so far as it relates to the defendants severally. Mr. Huff testified in his own behalf that Lawrence and Davis, the plaintiff's agent, visited him at his office for the purpose of having him sign the note which had been previously executed by both the other makers and which Lawrence said was an accommodation note for the Manufacturing Company. Referring to his conversation with Davis on that occasion he testified as follows:

Q. For what purpose did he want it [the note] ?

A. Accommodation paper to help themselves out.

Q. To help themselves out?

A. To help themselves out in credit I suppose.

Q. At that time were you personally indebted to the Peoria Manufacturing Company?

A. No.

Q. On his representation did you sign it?

A. I did.

Q. What else, if anything? That the Peoria Manufacturing Company would take care of the note?

A. Yes, sir; he represented that they would; that it would cost me nothing, but would help them out.

Q. Do you mean the note sued on in this case?

A. I do.

And on cross-examination he testified :

Q. Do you know whether the Peoria Manufacturing Company was insisting upon payment or security for money owing to it by the Lawrence Implement Company?

A. I do not.

He is contradicted by Mr. Davis, who testified that the consideration for the note was the extension allowed on the past due paper of the implement company. The claim of the defendants may to us seem unreasonable, but the evidence adduced in support thereof appears to have satisfied the jury that the note was given solely for the accommodation of the plaintiff. An accommodation note or bill, within the meaning of the law merchant, is one made or accepted not upon a consideration, but for the purpose of enabling the payee or holder to obtain credit. (*Pollard v. Huff*, 44 Neb., 892, and authorities cited.) The facts, as testified to by the defendant, bring the transaction clearly within the foregoing definition, and it was the province of the jury to determine the question of his credibility as a witness, and their finding, bearing as it does the approval of the trial judge, should not be disturbed in this proceeding.

It is also alleged that the court erred in admitting the record and files in the action of this plaintiff against the implement company, showing the order for the sale, in satisfaction of the judgment therein, of a large amount of property, real and personal. It is not contended that the judgment in that case is of itself a defense to this action, and no such claim was made at the trial before the district court. The record appears to have been admitted upon the theory that the prosecution to judgment of an action on the note of the implement company was a circumstance tending to support the claim that said note was received by the plaintiff in satisfaction of the note in suit. But assuming its admission to be error, we cannot on the record before us

say that it is in any sense prejudicial to the plaintiff.    The
fact that an order had been entered in that action for the
sale of a large amount of property might have prejudiced
the plaintiff with the jury but for the further undisputed
fact that said property had all been sold and the proceeds
thereof applied in satisfaction of a prior attachment in
favor of the Lincoln National Bank.    In the absence of a
showing of error prejudicial to the plaintiff, the judgment
in favor of the defendant Huff must be affirmed.

We will now examine the evidence upon which the judg-
ment as to Hawley rests.    His version of the transaction
appears from his direct examination as follows:

Q.  Where were you when you signed that note?'

A.  I think I was at the Lincoln Hotel.

Q.  Were you indebted at the time you signed that note
to the Peoria Manufacturing Company?

A.  No, sir.

Q.  State how you happened to sign it.

A.  Mr. Lawrence brought the note to me and said that
Mr. Davis wanted it signed by the individual members.
(Objection.   Overruled. . Exception.)    Mr. Lawrence
brought the note over to me and said Mr. Davis wanted it
signed up by himself, Mr. Huff, and myself.    I objected
to signing the note.    I did not see any necessity of putting
the individual names to any note, and he said it would be
an accommodation to Mr. Davis, and would give us no
trouble.    They could use it in that shape and could not
use the company's name.

Q.  Did you afterwards see Mr. Davis?

A.  I saw Mr. Davis at the hotel.

Q.  Was anything further said at that time?

A.  I don't think there was anything further said about
the note.

The foregoing evidence does not bring the witness within
the rule stated, or entitle him to the protection of an ac-
commodation maker.    Comment upon the candid testi-

mony of this defendant is unnecessary. It is sufficient that his obligation is that of a surety for the implement company, and that as to him there is an entire failure of proof of the essential allegations of the answer, for which the judgment in his favor must be reversed.

We come now to a consideration of the judgment in favor of the Manufacturing Company against Lawrence. There can be no doubt from the evidence in the record, including the written correspondence conducted by said defendant relating to the note maturing January 22, 1891, that the note in suit was intended as an extension of the indebtedness represented by the note first mentioned, and that the relation of the defendant named to the plaintiff is that of a surety for the implement company.

There are other allegations of error which relate to rulings during the course of trial, but they do not require further notice, for the reason that they could not have prejudiced the rights of the defendant, since, as we have seen, the court might properly have directed a verdict against him upon his own evidence.

Judgment affirmed as to defendant in error Huff and plaintiff in error Lawrence, and reversed as to defendant in error Hawley.

JUDGMENT ACCORDINGLY.