WILLIAM G. BALL v. SWEN NELSON.

FILED MAY 22, 1895.  No. 6527.

Review: TRANSCRIPT. When there are alleged no errors, except such as depend upon the proposition that a demurrer was well taken, the absence of such demurrer from the transcript precludes a consideration of the several assignments of the petition in error.

ERROR from the district court of Harlan county. Tried below before BEALL, J.

C. C. Flansburg, for plaintiff in error.

John Everson, contra.

RYAN, C.

The record in this case contains a petition entitled "Swen Nelson v. William G. Ball," in which the plaintiff's cause of action alleged was the failure of the Nebraska & Kansas Farm Loan Company to pay to plaintiff the sum of $413.50 due him; the failure of said Nebraska corporation, for more than a year anterior to the incurring of said debt, to publish the notice of its indebtedness required by section 136, chapter 16, of the Com-

piled Statutes previous to the repeal of said section in
1891, and the fact alleged that the defendant was a stock-
holder in said corporation during its said default of publi-
cation as well as of payment.   The petition closed with
a prayer for a personal judgment against William G. Ball
in the amount above named.   By affidavit filed in this
case it was shown that defendant was a non-resident of this
state, and that in the hands of one C. C. Flansburg he had
moneys, and that therefore said Flansburg was owing
said defendant.   There was served upon Mr. Flansburg
a notice of garnishment, requiring him to appear in the
district court of Harlan county and answer as garnishee
on November 1, 1892.   We do not find in the record
any answer of this garnishee.   In one part of the trans-
cript it is recited that a demurrer was overruled, to
which ruling the defendant excepted; afterwards in the
record, under proceedings of the same date as that whereon
the ruling referred to was made, it is recited that the
cause came on to be heard on demurrer, which was
overruled, and that the garnishee excepted and refused
to plead further, whereupon the court entered judgment
against the defendant for the sum of $200.   From the
fact that one of these entries was made in the trial
docket and the other in the journal of the same date, it is
presumable that they described the same transaction.   It
is quite likely, too, that the first was simply a memoran-
dum made by the presiding judge, from which the journal
entry was prepared.   If this is a correct surmise, there
could only be considered the journal entry (*Brown v. Rit-
ner*, 41 Neb., 52), and it would necessarily result that we
could prosecute no further inquiry, for the defendant could
not avail himself of an exception not taken by a party to
the action.   It is possible that the demurrer was filed for
the defendant, but neither of this nor of the grounds of
the demurrer have we any means of information, as it
was not made a part of the transcript.   Under these cir-

cumstances we cannot presume. that the district court erred
in the ruling made upon whatever demurrer was consid-
ered, and as the entire argument of plaintiff in error was
directed to this proposition, and no other is presented by
. the record, the judgment of the district court is

AFFIRMED.