GOTTHARDT FISCHER v. THOMAS O. KRAM.

FILED DECEMBER 18, 1901.    No. 10,440.

Conflicting Evidence. This court will not weigh conflicting evidence.

ERROR from the district court for Adams county. Tried below before BEALL, J. Affirmed.

A. H. Bowen, for plaintiff in error.

Capps & Stevens, contra.

NORVAL, C. J.

Thomas O. Kram sued Gotthardt S. Fischer, Gotthardt Fischer and Anna Fischer on their promissory notes. Gotthardt Fischer answered the petition, setting up that he signed the note as surety for Gotthardt S. Fischer, and that after the execution and delivery thereof the same had been materially altered, without his knowledge or consent, by adding the name of Anna Fischer, as surety, through the procurement of the payee. Plaintiff replied by a general denial, and a trial to a jury resulted in a verdict and judgment in his favor. Error is prosecuted by said answering defendant.

20

The first point urged for a reversal is that the verdict is contrary to the evidence. This contention would be well founded if the testimony adduced by the plaintiff below should be excluded from consideration. But, unfortunately for the defendant, this is not the rule which obtains in this state. The evidence in the record is quite conflicting. That adduced by the defendant fully sustains his contention, while the evidence on behalf of plaintiff is ample to sustain the finding of the jury. It is not the province of this court to weigh conflicting evidence.

What has been said disposes of the contention that the evidence is contrary to the instructions of the court.

Objections are made to certain questions and answers in the depositions of Thomas Lohner, taken and read on behalf of plaintiff. Some of the questions were leading, but no objection on that ground was made. The evidence called for was competent under the issues. One or two of the questions called for the conclusion of the witness, but other testimony of the same witness covering the point was received without objection. No error prejudicial to the defendant is disclosed by the record, and the judgment is

AFFIRMED.