GEORGE P. LEWIS, APPELLEE, V. GEORGE B. DARR ET AL.,
APPELLANTS.

FILED OCTOBER 7, 1910.     No. 16,137.

Appeal: VERDICT: REVIEW. This case comes within the often an-
nounced rule that, when there is substantial evidence supporting
the verdict of a jury, the judgment will not be disturbed unless
upon the whole evidence it appears that the verdict is clearly
wrong.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*George C. Gillan,* for appellants.

*E. A. Cook, contra.*

SEDGWICK, J.

The plaintiff and defendant were real estate agents in
Lexington, Nebraska. Darr and Spencer owned a half
section of land near Lexington, which they sold to one
Entrekin. Afterwards the plaintiff began this action
against Darr and Spencer to recover a commission upon
the sale. Darr and Spencer answered that they were
ready to pay the commission, but that this defendant
claimed that he was entitled to it, and asked that the de-
fendant be made party, which was done, and issues were
then made between the plaintiff and defendant, each claim-
ing the commission. The cause was tried by a jury, who
rendered a verdict in favor of the plaintiff, and the de-
fendant has appealed.

No question of law is presented upon the appeal. The
defendant asked for a reversal upon the sole ground that
the verdict and judgment are not sustained by the evi-
dence. Mr. Darr testified that they listed the land with
the defendant to be sold, but neither of these parties had
any written contract with the owners of the land authoriz-
ing him to make the sale. The plaintiff took Mr. Entrekin

in charge and showed him several pieces of land, among others this land in question, and Mr. Entrekin did not recognize at the time that he had been shown the same land by the defendant. The plaintiff then took Mr. Entrekin to the owner of the land and introduced them, and testified, as did also the owner of the land, that in that interview Mr. Entrekin was furnished with a written statement showing the description of the land and the price and terms. Mr. Entrekin does not remember this circumstance. Afterwards Mr. Entrekin bought the land for the price and upon the terms stated in the memorandum. There are other circumstances shown in the evidence tending to support the verdict of the jury. The whole evidence shows an animated contest between these two men as to which one of them could take such part in the sale as to entitle him to the commission. We are not at liberty to weigh this evidence to determine which of these parties has the stronger claim to this commission. One Stevens was in some way associated with the defendant in the real estate business, and he accompanied Mr. Entrekin from his home in Geneva to Lexington, and went at once with him to the office of the defendant. The defendant drove with Mr. Entrekin during one whole day and half of another and showed him many pieces of land for sale. Among other pieces he showed him the half section in question, and told him the price, but did not tell him the owner of the land. Mr. Van Horn appears to have been authorized to make this sale, and to have been the first to show the land to Mr. Entrekin, and also to have taken part in closing the contract, and upon the whole evidence, if the matter had been submitted to us as an original proposition, we should have hesitated to give the commission to another, but this is peculiarly a matter for the jury, and there is substantial evidence supporting their verdict. We cannot therefore disturb it.

The judgment of the district court is

AFFIRMED.