W. J. WATERS, TREASURER, APPELLANT, V. D. H. HARDT, APPELLEE.

FILED OCTOBER 22, 1910. No. 16,154.

1. Appeal: ACTION AT LAW: TRIAL TO COURT: REVIEW. Where, in an action at law, the cause is submitted to the trial court upon conflicting evidence, and there is sufficient to sustain the finding of

the court hearing the cause, this court will not reverse the judgment, even if there was sufficient evidence to have sustained a finding in favor of the opposite party.

2. ———: CONFLICTING EVIDENCE. In such case, "this court will not weigh conflicting evidence." *Fischer v. Kram*, 63 Neb. 241.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*R. M. Proudfit*, for appellant.

*J. E. Addie, contra.*

REESE, C. J.

This was an action upon a promissory note given by defendant to plaintiff for $110. The petition is in the usual form. The defendant answered setting up as his principal defense a change or alteration of the note after its execution and delivery, and without his knowledge or consent, whereby the rate of interest which the note was to draw had been increased from 5 per cent. per annum to 8 per cent. per annum. The cause was tried to the district court without the intervention of a jury, the trial resulting in a finding and judgment in favor of defendant. Plaintiff appeals.

On examining the bill of exceptions, we find a sharp conflict in the evidence. The defendant and the person who was the agent of plaintiff, and who made the contract with defendant and prepared and accepted the note, both testified in the most positive terms that the note, as originally written, transmitted to and received by plaintiff, provided for a 5 per cent. rate of interest. It is shown that the note bore unmistakable evidence that an erasure had been made and the figure "8" placed over the erasure. Under those circumstances, the judgment will have to be affirmed, as we cannot say that the finding is clearly wrong. *Fischer v. Kram*, 63 Neb. 241.

AFFIRMED.