SAMUEL G. STEVENSON, APPELLANT, V. OMAHA TRANSFER COMPANY, APPELLEE.

FILED NOVEMBER 16, 1910. No. 16,183.

1. Appeal: INSTRUCTIONS: REVIEW. Error alleged in an instruction to the jury must be called to the attention of the trial court in the motion for a new trial before it will be considered by this court.

2. ——: FINDINGS: CONFLICTING EVIDENCE. A finding of fact made by a jury upon conflicting evidence will not be disturbed unless manifestly wrong.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*William N. Chambers* and *Charles L. Dundy*, for appellant.

*Greene, Breckenridge & Matters*, contra.

LETTON, J.

This is an action to recover for personal injuries alleged to have been sustained by the plaintiff in consequence of the carelessness and negligence of an employee

of defendant. The plaintiff, who was a carpenter and contractor, was driving south on Sixteeenth street in Omaha with a horse and wagon. One of defendant's wagons being driven in the opposite direction collided with that of the plaintiff. The plaintiff was thrown from his seat, struck the pavement with great force, and was injured. The negligence charged is that "one of the teams and wagons of defendant, and driven by one of its employees, came up Howard street at a great and illegal rate of speed, swung onto the west side of Sixteenth street without slowing up, then swung back toward the east side of Sixteenth street, and at the alley between Howard and Harney streets ran into the wagon of the said plaintiff," and that the team was on the wrong side of the street. The answer was a general denial, coupled with an allegation of contributory negligence, which was denied by the reply. The jury found for the defendant, and judgment was rendered in its favor.

The only point argued in the brief is that the court erred in giving instruction No. 9. An examination of the motion for a new trial discloses that the giving of this instruction was not assigned as error therein. This being so, the settled practice of this jurisdiction is that the alleged error cannot be reviewed in this court. *Dunphy v. Bartenbach*, 40 Neb. 143; *Hedrick v. Strauss, Uhlman & Guthman*, 42 Neb. 485; *Phœnix Ins. Co. v. King*, 52 Neb. 562; *Tarpenning v. Knapp*, 79 Neb. 62.

The question of whether or not the defendant employee was negligent was submitted to the jury upon conflicting evidence under appropriate instructions, and the jury were evidently of opinion either that no negligence was shown or that the plaintiff's own negligence directly contributed to the accident. All the facts and circumstances surrounding the collision were detailed by the witnesses, and the evidence would have justified a verdict either way. The case seems to have been fairly tried. The judgment of the district court must be

AFFIRMED.