STATE BANK OF OMAHA ET AL., APPELLEES, v. WILLIAM L. HUFFMAN, APPELLANT.

FILED NOVEMBER 17, 1916. No. 18895.

1. **Evidence** examined, and found to support the findings and judgment of the district court.

2. **Bills and Notes:** ACTION: DEFENSES. A controversy between two joint indorsers of a note as to whether one of them is an accommodation indorser for the benefit of the other may not be interposed as a defense as to the holder and owner of the note, who will be entitled to a judgment against both indorsers in an action against them.

3. **Appeal:** CONFLICTING EVIDENCE. Where, in an action brought by the State Bank of Omaha against Walter Moise and William L. Huffman, who signed as indorsers a note given by the Omaha Motor Car Company to said bank for the sum of $5,000, there was a contention between Moise and Huffman as to whether Moise was primarily liable to the plaintiff on the note set forth in the petition, and there was conflicting evidence tending to establish the claim of each defendant touching the matter in controversy, the finding of the court in favor of one of the defendants and against the other will not be disturbed.

State Bank v. Huffman.

4. ———: ———. Where, in an action at law, the case is submitted to the trial court upon conflicting evidence concerning whether one of two indorsers indorsed the note as an accommodation to the other indorser, and there is sufficient evidence to sustain the finding of the court in favor of one of the indorsers and against the other, this court will not reverse the judgment, even if there was sufficient evidence to have sustained a finding in favor of the opposite party. *Waters v. Hardt*, 87 Neb. 636.

5. ———: TRIAL TO COURT: FINDINGS. In an action at law tried to the judge of the district court, his findings and judgment are entitled to the same weight and consideration as is the verdict of a jury. *National Bank v. Cooper*, 86 Neb. 792.

6. Bills and Notes: ACCOMMODATION MAKER. "An accommodation maker is one who executes commercial paper without consideration in order to enable the payee, or holder, to thereby obtain credit." *Peoria Mfg. Co. v. Huff*, 45 Neb. 7.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Byron G. Burbank,* for appellant.

*Brown, Baxter & Van Dusen, W. J. Connell* and *Ellery H. Westerfield,* contra.

HAMER, J.

This is an action by the State Bank of Omaha against Walter Moise and William L. Huffman. The petition alleged that on the 6th day of June, 1913, the Omaha Motor Car Company, a corporation under the laws of Nebraska, for a valuable consideration made and delivered to the plaintiff, the State Bank of Omaha, its promissory note as follows:

"Omaha, June 6, 1913.  No. 572. Due Dec. 6, $5,000. Six months after date we or either of us promise to pay to the State Bank of Omaha or order five thousand and no/100 dollars, value received, at the State Bank of Omaha, Nebr., with interest at the rate of 6 per cent. per annum from maturity until due, payable annually. If this note is not paid at maturity, principal and interest shall draw

interest at the rate of 10 per cent. per annum from maturity until paid. Omaha Motor Car Co.,

"By W. L. Huffman, Sec. and Treas."

The petition further set forth that the names W. L. Huffman and Walter Moise were indorsed on the back of said note; that prior to the delivery of said note, and as a part of the consideration for the loan of $5,000 as alleged therein, the defendants, W. L. Huffman and Walter Moise, indorsed their names upon the said note as joint makers; that said note was duly presented for payment· at maturity, but was not paid, and thereafter was duly protested for nonpayment, and notice was duly served as provided by law upon said W. L. Huffman and Walter Moise, informing them of the dishonor of the said note, and that they would be held for payment of the same; that the costs of said protest and notice was the sum of $2.59; that no part of the said note or interest or protest fees has been paid, and that there is due and owing from the defendants to the plaintiff the sum of $5,002.59, with interest thereon at the rate of 6 per cent. per annum from the 6th day of December, 1913. The plaintiff prays for judgment against the defendants, W. L. Huffman and Walter Moise, in the sum stated, with interest and for the costs. The Omaha Motor Car Company, whose name appears on the note as the maker, was not sued.

By answer and cross-petition, William L. Huffman submitted to the court a controversy with his codefendant and comaker of the note, Walter Moise, as to which one of the two was primarily liable on the note. It is contended by the bank that it had no notice of a controversy between Huffman and Moise. A jury was waived, and the district court held both defendants, Huffman and Moise, to be primarily and severally liable on the note and entered judgment against them. It is contended by the bank that neither defendant claimed at the trial that the bank had agreed to look to either defendant more than to the other for the payment of the note. It is claimed on behalf of the bank that it was entitled to a joint and several judg-

ment against both defendants, and that, if there exists a valid contract between Moise and Huffman wherein only one was security for the other on the note, then that contract is enforceable in a separate suit brought for that purpose, but that it cannot be enforced in this suit by having a judgment entered other than that which a joint contract between them and the bank would justify. This court is asked to reach a different conclusion from that reached in the trial court.

Huffman contends, as appellant, that the judgment is not sustained by the evidence, and that it is against the clear weight of the evidence, and that it should have been in favor of the appellant, William L. Huffman, and against Walter Moise, the appellee. It is contended by Huffman that the judgment should have found Walter Moise primarily liable to the plaintiff on the note set forth in the petition, and should have directed execution to issue first against him before any liability could be enforced against appellant. It was claimed that the court erred in not finding that the appellant was an accommodation indorser on the note set forth in the petition, and at the request of Walter Moise, the appellee.

The defendant Huffman filed a long answer and cross-petition in which he set up that the defendant Walter Moise entered into a contract with D. W. Henry, himself, W. A. Gordon, and the Omaha Motor Car Company to loan the company $15,000, the same to be secured by a bill of sale covering certain furniture and fixtures owned by the corporation, and all material, machinery, fixtures, and other personal property owned by said company, including two automobiles. There was a recital in the agreement that all of the parties were stockholders in the Omaha Motor Car Company, which was engaged in the manufacture of automobiles; that pursuant to the agreement a certain bill of sale was executed by the Motor Car Company, and delivered to the defendant Walter Moise, and which was for his security; that on June 7, 1912, Moise took a note signed by the Motor Car Company for the sum

of $5,000, due December 6, 1912, to the Merchants National Bank of Omaha, and indorsed the same; that said Moise caused $5,000 to be paid by the Merchants National Bank to the Omaha Motor Car Company; that the $5,000 note became due, and that to obtain money to pay the same said Walter Moise obtained the note of the said Omaha Motor Car Company for $7,000, and indorsed the same; that the defendant Huffman also indorsed the same; that the sum of $7,000 was obtained from the State Bank of Omaha, and that there was paid to the said State Bank of Omaha the sum of $2,000 of the said $7,000; that said Moise agreed to pay said note when it became due, but failed to do so, and that $5,000 thereof was renewed by a new note, while $2,000 was paid on the said sum of $7,000; that said notes made by the Omaha Motor Car Company were placed in the hands of the said Walter Moise to enable him to carry out his agreement of furnishing $15,000 for the use of the company; that the defendant Huffman indorsed said notes for the purpose of enabling the said Walter Moise to obtain said money, and that what Huffman did was done for the accommodation of Moise and without other consideration; that Moise was to pay the notes and save the defendant Huffman from all liability. Judgment was asked by Huffman to the effect that as between the defendant Huffman and Walter Moise the court should find that Moise was first liable for the payment of said note and interest, and that execution should first issue upon said judgment against said Moise, and that said judgment should be collected from him, the said Moise.

Moise answered the cross-petition of Huffman setting forth that the bill of sale was made to protect him, said Moise, from loss or damage by reason of advances of money to said Omaha Motor Car Company, and to protect him, said Moise, from any liability which he might incur by signing or indorsing notes on behalf of the said Motor Car Company; that said Moise admitted that the note signed by the Omaha Motor Car Company for the sum of $5,000, due Dec. 6, 1912, to the Merchants National Bank of

Omaha was indorsed by him, said Moise and also by D. W. Henry and the defendant W. L. Huffman, but there was a denial that Huffman signed for the accommodation of the defendant Moise, or to enable the defendant Moise to perform his alleged agreement of obtaining the said $15,000; and it was alleged that the said Huffman signed the same by reason of his direct interest in the said Omaha Motor Car Company, and to enable it to continue business; that the said Omaha Motor Car Company made another note for $7,000, which was indorsed by all of the said parties the same as the said note for $5,000 and for the same purpose, and that $5,000 out of the said $7,000 was used to pay the $5,000 note due at the Merchants National Bank, and that the additional $2,000 of the $7,000 note was paid to the said Omaha Motor Car Company to enable said company to meet certain alleged expenditures of the company and to enable it to continue in business; and Moise denied that he agreed to pay said note when it became due; that there was a denial that the note was indorsed by the defendant Huffman at the request of the defendant Moise, or for his benefit. It was also alleged that when the $7,000 note became due the sum of $2,000 was paid thereon, one-half by the defendant Moise out of his own money, and one-half by the defendant Huffman out of his own money, and that the remaining sum of $5,000 was renewed by a new note; that each of the defendants were bound and required to pay one-half of the said $5,000 note.

The district court found for the bank as against the defendants Huffman and Moise, but found for Moise as between Moise and Huffman.

"Where, in an action at law, the cause is submitted to the trial court upon conflicting evidence, and there is sufficient to sustain the finding of the court hearing the cause, this court will not reverse the judgment, even if there was sufficient evidence to have sustained a finding in favor of the opposite party." *Waters v. Hardt,* 87 Neb. 636.

100 Neb.—26

"A finding of fact made by a jury upon conflicting evidence will not be disturbed unless manifestly wrong." *Stevenson v. Omaha Transfer Co.*, 87 Neb. 794.

"A fact determined by a jury upon conflicting evidence is conclusive on appeal, unless the finding is manifestly wrong." *First Nat. Bank v. Golder*, 89 Neb. 377. In the body of the opinion it was said: "The judgment is also assailed as erroneous because the evidence, from the standpoint of defendant, establishes the fact that he signed the note for the accommodation of plaintiff at the request of plaintiff's cashier, relying upon the latter's statement that Golder, the maker, was solvent, and upon an agreement that he assumed no liability. Defendant adduced testimony tending to establish this defense, but the material proof in support of it is directly contradicted by plaintiff's cashier."

"A verdict upon conflicting evidence will not be set aside, where there is sufficient evidence to support it." *Wenninger v. Lincoln Traction Co.*, 84 Neb. 385. In the body of the opinion it is said: "Had the jury found a verdict in favor of the defendant, the evidence would have sustained it, but we cannot grant a new trial for that reason, since there is sufficient evidence, if believed, to support this verdict."

"This court will not weigh conflicting evidence." *Fischer v. Kram*, 63 Neb. 241. In the body of the opinion it is said: "The evidence in the record is quite conflicting. That adduced by the defendant fully sustains his contention, while the evidence on behalf of plaintiff is ample to sustain the finding of the jury."

"An accommodation maker is one who executes commercial paper without consideration in order to enable the payee, or holder, to thereby obtain credit." *Peoria Mfg. Co. v. Huff*, 45 Neb. 7. In the body of the opinion it is said: "The facts, as testified to by the defendant, bring the transaction clearly within the foregoing definition, and it was the province of the jury to determine the question of his credibility as a witness, and their finding,

bearing as it does the approval of the trial judge, should not be disturbed in this proceeding."

"In an action at law tried to the judge of the district court, his findings and judgment are entitled to the same weight and consideration as is the verdict of a jury." *National Bank v. Cooper,* 86 Neb. 792.

In a law case, where the evidence is conflicting, the judgment will not be set aside by a reviewing court unless it is clearly wrong.

While we are perhaps not bound to follow the findings and judgment of the district court, we have not been shown any good reason for disregarding the same. The trial judge appears to have been careful in his rulings and in his consideration of the case. There is plenty of evidence to sustain his judgment.

The judgment of the district court is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.