FRED F. SHIELDS COMPANY, APPELLANT, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLEE.

FILED JANUARY 13, 1922. No. 21916.

Carriers: CONVERSION. An electric motor was delivered to a carrier for shipment and a bill of lading issued by the carrier acknowledging that it was received in good condition. When it reached its destination it was found to be damaged. Whether the damage occurred before or after the carrier received the motor was in dispute. The consignee demanded the motor and offered to receipt for it, but the carrier declined to deliver it to consignee unless the latter would sign a receipt with a notation thereon that it was turned over to consignee in good condition except "old break." Consignee refused to sign such receipt. *Held*, that the refusal of the carrier to deliver the motor to consignee unless he would sign a receipt worded as above was unreasonable and constituted a conversion of the motor.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed*.

*Vincent C. Hascall* and *Montgomery, Hall & Young*, for appellant.

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping*, contra.

Heard before MORRISSEY, C. J., FLANSBURG and AL-
DRICH, JJ., HOSTETLER and MORNING, District Judges.

MORNING, District Judge.

Action for conversion of an electric motor.  On motion
of defendant, at the close of plaintiff's evidence, the court
discharged the jury and dismissed the action.  Plain-
tiff appealed.

The question for decision is whether or not plaintiff's
evidence was sufficient to take the case to the jury.
Plaintiff's business predecessor and assignor shipped the
motor in question to Cedar Rapids, Iowa, to be used in
connection with some construction work at that point.
It was found that the motor was not suitable for the
electric current used at Cedar Rapids, and it was shipped
back to the owner at Omaha over defendant's railway.
When it was delivered to the defendant company at
Cedar Rapids for such return shipment, defendant issued
a bill of lading acknowledging that it was received in
good condition.  When the motor arrived at Omaha, the
consignee called for it at defendant's freight depot and
found that a marble top and some of the wiring were
broken.  A difference of opinion arose between consignee
and defendant's freight agent as to whether the injury
to the motor was old or of recent occurrence.  Con-
signee demanded the motor and offered to receipt for it,
but defendant's agent declined to permit him to take the
motor unless he would sign a receipt for it with a nota-
tion thereon that it was in good condition except "old
break:"  Consignee refused to sign a receipt with a no-
tation thereon that the break was an "old break," and
left the motor with defendant.  As successor in business
and by assignment from the consignee, plaintiff became
the owner of the present cause of action and instituted
this suit to recover from defendant the value of said
motor, on the theory that the refusal to turn it over to
the consignee, unless the consignee would sign a receipt

in the form indicated, constituted a conversion of the motor.

The delivery of the motor to the defendant at Cedar Rapids in good condition, as stated in the bill of lading, and its arrival in Omaha in bad condition made out a *prima facie* case against the carrier that the injury was caused by its negligence, and cast the burden upon defendant to show that the damage was the result of causes which would exempt the latter from liability. *Wabash R. Co. v. Sharpe,* 76 Neb., 424. In the event of a suit by the consignee against the carrier for damages resulting from injury to the motor, the presumption that the injury was the result of the carrier's negligence was a valuable right in favor of the consignee of which the carrier could not rightfully deprive him by insisting upon his signing a receipt so worded as to destroy, or materially weaken, it. Whether the injury to the motor was of recent origin or of long standing would have an important bearing upon the liability of the carrier in the event of a suit to recover damages for such injury. The age of the break was in dispute, and the refusal of the defendant to deliver the motor to the consignee without a receipt from the latter admitting that the injury complained of was an "old break" was unreasonable. In law, it amounted to a refusal to deliver the motor upon demand, and entitled plaintiff to recover it by replevin or to sue for its conversion and recover its value. *Dobbins v. Delaware, L. & W. R. Co.,* 163 N. Y. Supp. 849; *Loeffler v. Keokuk Northern Line Packet Co.,* 7 Mo. App. 185; *Christian v. First Div. St. P. & P. R. Co.,* 20 Minn. 21; *Shellenberg v. Fremont, E. & M. V. R. Co.,* 45 Neb. 487; *Moss v. Marks,* 70 Neb. 701.

The court having disposed of the case adversely to plaintiff upon plaintiff's evidence alone, we are under the necessity of assuming, for the purpose of disposing of this appeal, that the plaintiff's version of the transaction relating to the form of the receipt demanded is true. Assuming, as we must, that the receipt demanded was in

the form indicated in plaintiff's testimony, we feel impelled to hold that the trial court erred in taking the case from the jury and dismissing the action.

The judgment of the lower court is reversed and cause remanded for further proceedings.

REVERSED.