J. T. BAILEY, APPELLEE, v. ALVIN C. LUND ET AL., APPELLANTS.

278 N. W. 506

FILED MARCH 18, 1938. No. 30116.

*Hamer & Tye,* for appellants.

*George A. Munro* and *E. G. Reed, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER. and MESSMORE, JJ., and FALLOON, District Judge.

FALLOON, District Judge.

This is an action in forcible entry and detainer brought by the appellee, as plaintiff, in the Buffalo county district court against the defendants, now appellants, seeking restitution of a certain lot and a half, in Keens Park Addition to the city of Kearney. The appellee alleges that the appellants were unlawfully and forcibly retaining said premises. The issue was submitted to a jury which found the appellants guilty, and this case is here for review.

The appellants contend that there were irregularities in the trial, that there was misconduct of the jury, that the verdict was not sustained by sufficient evidence, was contrary to both the evidence and to law, errors occurring at the trial to which they excepted, and that there was error in giving of instruction No. 10 by the court.

Each side produced two witnesses, the appellee, himself,. and his wife and the appellant Alvin C. Lund and his. sister.

The evidence has all been carefully read and, briefly stated, resolves itself down to this, that the appellant rented the disputed premises from the appellee, so appellant could have a better driveway for his filling station, that the verbal agreement was made about November 28, 1933, at which time a check for $5 was given.

There is a conflict in the evidence as to whether the whole premises were rented or merely a privilege granted. The check introduced in evidence shows a notation thereon for one year's rent, which appellant claims was placed

on check when given, but which appellee flatly denies. The appellant further stated that he paid $10 more for rent on January 16, 1936, which would extend the lease to November 28, 1936. The appellee offered evidence to prove a new agreement was made on January 16, 1936, at which time the wife of appellee gave receipt to appellant, which was offered in evidence and stated that the $10 was for rent from November 28, 1933, to April 1, 1936, on these lots. This new agreement was testified to by the wife of appellee, who was fully authorized to act, but is denied by the appellants. The wife testified that the rent was paid to April 1, 1936, at which time appellant agreed to move. On May 19, 1936, three days' notice was given to vacate the premises, and ten days later action was instituted in the justice court, which was later appealed to the district court and there the issues tried.

The verdict of the jury is fully sustained by the evidence in this case and, as has been so often decreed by this court, such a verdict will not be disturbed unless clearly wrong. See *Lewis v. Darr*, 87 Neb. 624, 127 N. W. 890.

Complaint was made of the instructions of the court and in appellants' brief particular attention is paid to instruction No. 4, although the only assignment of error was as to instruction No. 10. This court has held repeatedly that it will not review instructions unless they have been specifically assigned as error in the lower court. See *Phœnix Ins. Co. v. King*, 52 Neb. 562, 72 N. W. 855. The issues involved in this case, however, were properly submitted by the trial court, and the instructions, taken as a whole, correctly stated the law.

The real issue in this case is whether it was a tenancy from year to year and therefore required a six months' notice before it could be terminated or whether an agreement was made which terminated on April 1, 1936. There is no doubt that such an agreement could be made; the jury found that it was and their finding is conclusive. "A tenancy from year to year may be terminated at any time without notice by an agreement between the parties." 35

C. J. 1109., This finding by the jury obviated any other notice than that of three days as set forth in the bill of exceptions. The evidence amply sustains the judgment. The examination of the record shows no reversible error.

The judgment of the lower court should be and hereby is

AFFIRMED.