JOSEPH W. MULLER, APPELLANT, V. FRANK JENSEN, APPELLEE.

12 N. W. 2d 80

FILED DECEMBER 3, 1943. No. 31598.

*M. S. McDuffee*, for appellant.

*Kennedy, Holland, DeLacy & Svoboda, Walter, Flory & Schmid* and *Edwin Cassem*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an action against a physician and surgeon to re-

(1)

cover damages for alleged malpractice. The case was tried to a jury and resulted in a verdict for the defendant. Plaintiff appeals. We affirm the judgment of the trial court.

Plaintiff's witnesses related the following factual situation: Plaintiff and his son were in an automobile accident on March 20, 1936. The son received an injured finger. The son, accompanied by the father, went to the defendant for treatment of the son's injury on April 1. At that time the defendant volunteered to examine the plaintiff for injuries to his body and found none. Defendant noted an old callous on the inner side of the little finger of the plaintiff's left hand. When the defendant asked about it he was told that it had been there for years and that it hurt sometimes when hard work was done with the hand. Defendant then volunteered to remove it. Defendant, without sterilizing the hand, injected a local anesthetic, took a knife from a table, made diagonal incisions like a star, opened the callous, probed it with an instrument, found nothing in it, dressed it and told the plaintiff it would be all right. Plaintiff went home. The hand pained him during the night and in the early morning he had increasing pain. The doctor was called by telephone the next morning and instructed the plaintiff to soak the hand in hot water. On Saturday, April 4, the plaintiff's hand was inflamed, he was suffering pain and was having chills. He returned to the defendant's office where the old dressing was removed, the wound cleaned and a wet-pack dressing applied. Defendant gave plaintiff a bottle of medicine to apply through the wet pack. Defendant informed the plaintiff that he would not be available on Sunday but to return Monday for treatment. On Sunday the plaintiff was worse and he went to Columbus where he consulted Doctor McGowan. At that time the dressing put on by defendant had not been removed. Doctor McGowan found the hand inflamed and the infection spreading. Plaintiff was hospitalized and treated. A surgeon, Doctor Morrow, was later called. Drains were put in the hand and arm, hemorrhages occurred, a blood transfusion was had, and finally on April 23, in order to save plaintiff's life, the lower left arm was amputated.

It was plaintiff's contention that unsterile instruments were used and the infecting germs negligently placed in the wound when the callous was removed.

Defendant's evidence was, in many particulars, in direct conflict with plaintiff's evidence. It supported this factual situation. Plaintiff and his son came to the defendant's office on March 21. The son's hand was treated. Plaintiff complained of pain in his body. He was examined and no broken bones or other injuries were found. Plaintiff and his son returned on April 1. Defendant treated the son's hand. Plaintiff at that time showed defendant his left hand. There was an infected spot on the left little finger above the callous. A small closed perforation of the skin was evident. Defendant cleansed and sterilized his own hands and the hand of the plaintiff. He then, using a sterile needle, injected a local anesthetic. Then using a knife, that had been sterilized, he opened the wound, found pus, removed a small sliver, showed it to plaintiff, cleansed the wound, placed in it a sterile wick to aid in draining, dressed the wound with sterile gauze and instructed plaintiff to return the next day. Plaintiff did not return. Defendant denied having received the telephone call the next day. On Saturday, April 4, the plaintiff returned. The hand was examined, treated and a wet dressing applied. Defendant instructed the plaintiff to return the following day. Defendant denied that he had told the plaintiff he would not be at home on Sunday and testified that he was at home on that day. Plaintiff did not thereafter consult the defendant and defendant did not thereafter treat him. Defendant's office assistant corroborated him in detail as to the methods used to sterilize the instruments and as to the method and treatment given and the removal of the sliver. Defendant's records corroborated the testimony of the examination, the treatment and the removal of the sliver.

Doctor McGowan was called as a witness by both plaintiff and defendant, and when testifying for the plaintiff on direct examination said that plaintiff had told him when first consulted that he, plaintiff, received an injury on his hand

in the automobile accident; that he did not know whether it was a piece of wire or glass or wood that caused the puncture wound; that he had had more or less pain in the hand from that time on and that the place on his little finger was opened by the home doctor April 1. The record of this history, as given by the plaintiff, was made at the time. Doctor McGowan also testified as to the dressing on the hand on April 5 being different from that shown to have been placed on the hand on April 4 by the defendant. The jury, by their verdict, resolved these conflicts in the evidence against the plaintiff.

We are then to consider whether or not error, prejudicial to the plaintiff and requiring a reversal, occurred at the trial.

Plaintiff's first assignment is that the trial court erred in sustaining "the special demurrer of Frank Jensen wherein the court held that there were several causes of action improperly joined." The transcript shows a petition filed on March 4, 1941, entitled "Joseph W. Muller, Plaintiff, v. Frank Jensen, Defendant." The first paragraph is "That on the 20th day of January, 1941, in the case of Joseph W. Muller, plaintiff, vs. Frank H. Morrow, Patrick H. McGowan and Frank Jensen, defendants, this court held that the original petition filed therein contained misjoinder of the causes of action, which holding was had upon the special demurrer of the defendant, Frank Jensen, and the plaintiff having procured leave to file petitions for each cause of action stated in the original petition, and that they be docketed as separate causes and proceed without further service of summons, alleges:" Subsequently an amended petition was filed containing the above allegation excepting the final word "alleges" and eliminating all reference to Doctors Morrow and McGowan as defendants in other paragraphs of the petition. Both the petition and amended petition concludes with a prayer for "judgment against the defendant."

It seems from this allegation that the plaintiff first brought an action against the three doctors, that a special demurrer was filed to that petition by the defendant Jensen

and that demurrer sustained, and subsequently plaintiff procured leave to file and did file petitions to be "docketed as separate causes." Plaintiff now seeks by this assignment to test the correctness of the trial court's ruling on the special demurrer. The transcript however does not contain the original petition, in which the three doctors were defendants, nor the special demurrer, nor the court's ruling. Under these circumstances we are unable to determine the error assigned. See *Ball v. Nelson*, 45 Neb. 205, 63 N. W. 361.

Plaintiff next argues his assignment that the trial court erred in restricting his cross-examination of an expert witness. This witness was being examined as to the habits, length of life, and the time within which and in what kind of a medium certain germs would become virulent. After some questions the court said "we have had enough about these germs I believe" and stopped the cross-examination as to that subject matter. Plaintiff, by his own expert witnesses, had gone thoroughly into these matters and had done so also by cross-examination of defendant's witness. We see no prejudicial error in the trial court's ruling.

Plaintiff next argues his assignment that the trial court refused to give the following instruction to the jury: "You are instructed that if plaintiff's son Earl called the defendant over the telephone on about March 21, 1936, and the defendant refused to respond to the call or to go to the defendant's (plaintiff's) home as requested by Earl, if he did request it, or that upon the 4th of April, 1936, the defendant after dressing the plaintiff's hand told the plaintiff not to return the next day, then if you find that either or both of these statements are true they or either of them could constitute negligence on the part of the defendant." There was no evidence that plaintiff's son called the defendant over the telephone on or about March 21, 1936. Plaintiff's testimony was that he first went to the doctor's office, so far as this matter is concerned, on April 1, 1936. The evidence of the son was that he called the defendant over the telephone on April 2 and "I told him about it and he said 'What!

That little incision I made yesterday?' and I said 'yes' and he said 'Don't let him get excited about that, have him put it in some hot water, as hot as he can stand it, and it will be over in a day or so.' " He was then asked "And he didn't come?" and answered "No, he never." We do not find testimony of the son that he "requested" the defendant to go to the plaintiff's home. Under these circumstances we see no error in the court's refusal to give the requested instruction. "Error cannot be predicated upon the refusal of an instruction which is not applicable to the evidence." *Chezem v. State,* 56 Neb. 496, 76 N. W. 1056.

The plaintiff next, by separate assignments, complains of the court giving instructions numbered ten and thirteen. An examination of the motion for a new trial, as it appears in the transcript, reveals that the giving of these two instructions was not assigned therein as error. It is the settled rule of this court that error alleged in an instruction to the jury must be called to the attention of the trial court in the motion for a new trial before it will be considered by this court. *Stevenson v. Omaha Transfer Co.,* 87 Neb. 794, 128 N. W. 503; *Fred F. Shields Co. v. Chicago & N. W. Ry. Co.,* 107 Neb. 472, 186 N. W. 332; *Bailey v. Lund,* 134 Neb. 319, 278 N. W. 506.

The judgment of the trial court is affirmed.

AFFIRMED.